IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ERIC G. CARTER,** individually and as Trustee of the **ERIC G. CARTER PENSION AND PROFIT SHARING PLAN** and **NORA BUMPUS** <br>      Plaintiffs <br><br> v. <br><br> **ELLA Y.T.C. CHAN** individually and as Executrix of the **ESTATE OF CHIU MOON CHAN**, **ERIC K. CHAN** and **DYNACQ HEALTHCARE, INC.** <br>      Defendants | § § § § § § § § § § § § § § § § | Case No. 4:15-cv-391 <br><br> Jury Demanded |

## NOTICE OF REMOVAL

Defendants, ELLA Y.T.C. CHAN individually and as Executrix of the ESTATE OF CHIU MOON CHAN, ERIC K. CHAN and DYNACQ HEALTHCARE, INC., file this notice of removal under 28 U.S.C. § 1446(a).

### STATE COURT PROCEDURAL HISTORY

1.    The case removed, Cause No. 2013-31012 in the 333rd Judicial District Court of Harris County, Texas, has undergone a significant transformation since it was originally filed.  The case as it is now removed is almost completely unrelated to the case that was originally filed in state court.

2.    On May 23, 2013, Ella Chan, as Executrix of the Estate of Chiu Chan filed a conversion lawsuit against Ping Sun Chu, M.D. seeking to recover an automobile that belonged to the Estate.  That case has been fully and finally resolved.  However, prior to

the resolution of that lawsuit, ten other parties intervened as Plaintiffs making claims against Chan and the other removing Defendants.  Each of those cases have been fully and finally resolved.

3. However, on April 23, 2014 Eric Carter, and on June 12, 2014 Nora Bumpus, intervened as Plaintiffs, making claims against the Defendants.  Thus the only parties at the time of this removal are Eric Carter and Nora Bumpus, Plaintiffs, and Ella Chan, Eric Chan and Dynacq Healthcare as Defendants.

### BASIS FOR REMOVAL

4. Although Plaintiffs' lawsuit was not removable when originally filed, it became removable on February 6, 2015 when Plaintiffs filed their Third Amended Petition[1] which included for the first time the following claim:

> The acts, omissions, material false statements, material omissions, and/or nondisclosures described in Paragraphs 46-51 give rise to a cause of action … under SEC Regulations, specifically 17 C.F.R. 240.10b-5, pursuant to the authority of Section 10(b) of the Securities and Exchange Act of 1934.  This statute applies as [Plaintiffs] made purchases of Dynacq stock in reliance on these fraudulent acts, omissions, material false statements, material omissions, and/or nondisclosures.

(Exhibit 4-f, Third Amended Petition, ¶72).  Defendants file this notice of removal within 30 days after receiving Plaintiff's Third Amended Petition as required by 28 U.S.C. § 1446(b).

5. Removal is proper because Plaintiffs' suit involves a federal question, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.  Specifically, Plaintiffs' claim arises under the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et*

---

[1] Although Carter and Bumpus filed separate original petitions in April and June 2013 respectively, they are represented by the same attorney, and they filed their Third Amended Petition in the same instrument.

*seq*. Federal courts have exclusive jurisdiction over claims brought under the Act. Section 78aa states:

> The district courts of the United States … shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.

28 U.S.C. § 78aa(a).

6. All Defendants who have been properly joined and served are joined in the removal of this action.

7. Copies of all process, pleadings and orders served on the Defendants in the state-court suit are attached to this notice.

8. Pursuant to 28 U.S.C. § 1367 this court has supplemental jurisdiction over all other state-law claims made in Plaintiff's lawsuit because they are so related to the federal question claims that they form part of the same case or controversy under Article III of the United States Constitution.

### VENUE, SERVICE, JURY DEMAND

9. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this District.

10. Defendants will promptly file a copy of this notice of removal with the clerk of the Harris County District Courts, and serve it upon the Plaintiffs.

11. Plaintiffs have demanded a jury in the state-court lawsuit, and Defendants hereby request that this removed lawsuit be tried before a jury.

### COMPLIANCE WITH LR81

12. In compliance with Local Rule 81, attached to this Notice are:

    1. an Index of attachments;
    2. List of counsel;

3. A docket sheet for the state-court case;
4. Pleadings asserting causes of action of the Plaintiffs and answers of the Defendants;
5. Orders signed by the state-court judge;

WHEREFORE, Defendants respectfully request that this case be removed to the United States District Court for the Southern District of Texas.

Respectfully submitted,

W. Shawn Staples ▪ TBN 00788457
wsstaples@stanleylaw.com
Michael J. Stanley ▪ TBN 19046600
mstanley@stanleylaw.com
STANLEY FRANK & ROSE
7026 Old Katy Rd., Suite 259
Houston, Texas 77024
Tel: 713-980-4381 ▪ Fax: 713-980-1179
Attorney in Charge for Defendants