7/23/2014 3:54:04 PM
Chris Daniel - District Clerk Harris County
Envelope No. 1070113
By: Adiliani Solis

CAUSE NO. 2013-31012

| | | |
|---|---|---|
| ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff/Counter-Defendant* | § § | |
| vs. | § § | |
| PING SUN CHU, M.D., | § § | |
| *Defendant/Counter-Plaintiff/ Third Party Plaintiff* | § § | HARRIS COUNTY, T E X A S |
| vs. | § § | |
| ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., | § § § | |
| *Third Party Defendants* | § | 333RD JUDICIAL DISTRICT |

## ORIGINAL PETITION IN INTERVENTION OF ERIC G. CARTER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ERIC G. CARTER, Individually, and ERIC G. CARTER, Trustee, Intervenors herein, and files this petition in intervention as party-plaintiff, and for good cause would respectfully show this Court as follows:

### A.  Parties

1.      Intervenor, ERIC G. CARTER, is a natural person and a resident of Harris County, Texas.

2.      Intervenor, ERIC G. CARTER, Trustee, is trustee of the Eric G. Carter Pension and Profit Sharing Plan.

3.      Intervenor, JAMES G. GERACE, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

Unofficial Copy Office of Chris Daniel District Clerk

EXHIBIT
4-a

4.      Intervenor, JOHN C. MEADORS, is a natural person and a resident of Gillespie County, Texas and has previously appeared in this case.

5.      Intervenor, JOHN P. THOMPSON, is a natural person and a resident of Galveston County, Texas and has previously appeared in this case.

6.      Intervenor, BING LUN CHU, is a natural person and a resident of Travis County, Texas and has previously appeared in this case.

7.      Intervenor, BING WOON CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

8.      Intervenor, KATHERINE KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

9.      Intervenor, SARA KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

10.      Intervenor, BICK FUN WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case.

11.      Intervenor, TIN CHEE WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case.

12.      Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, is an individual and a resident of the State of Texas.  Her place of business is located at 4301 Vista Road, Pasadena, Texas 77504 and her residence is located at 323 Wood Loop Street, Houston, Texas 77015.  A copy of this petition will be forwarded to Michael J. Stanley, attorney of record for Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU

MOON CHAN, Deceased, at Stanley, Frank & Rose, LLP, 7026 Old Katy Road, Suite 259, Houston, Texas 77024, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

13.     Third Party Defendant, ELLA Y.T.C. CHAN, Individually, is a natural person and a resident of the State of Texas.   Third Party Defendant, ELLA Y.T.C. CHAN, Individually, resides in Houston, Harris County, Texas.  She may be served with process at her place of business located at 4301 Vista Road, Pasadena, Texas 77504 or at her residence located at 323 Wood Loop Street, Houston, Texas 77015 or anywhere that she may be found.

14.     Third Party Defendant, ERIC K. CHAN, is a natural person and a resident of the State of Texas.  Third Party Defendant, ERIC K. CHAN, resides in Houston, Harris County, Texas.  His place of business is located at 4301 Vista Road, Pasadena, Texas 77504 and his residence is located at 3836 Oberlin St., Houston, Texas 77005. A copy of this petition will be forwarded to Michael J. Stanley, attorney of record for Third Party Defendant, ERIC K. CHAN, at Stanley, Frank & Rose, LLP, 7026 Old Katy Road, Suite 259, Houston, Texas 77024, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

15.     Third Party Defendant, DYNACQ HEALTHCARE, INC. is a foreign corporation organized under the laws of the State of Nevada that is authorized to do business in the State of Texas and is doing business in the State of Texas with its principal place of business at 4301 Vista Road, Pasadena, Texas 77504.  A copy of this petition will be forwarded to Michael J. Stanley, attorney of record for Third Party Defendant, DYNACQ HEALTHCARE, INC., at Stanley, Frank & Rose, LLP, 7026 Old Katy Road, Suite 259, Houston, Texas 77024, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

### B.  The Original Lawsuit, Counter-Claim, and Third Party Petition

16.      On May 23, 2013, Plaintiff, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, sued Defendant, PING SUN CHU, M.D., for conversion.  Defendant, PING SUN CHU, M.D., filed:  a) an answer asserting a general denial and the affirmative defenses of Statute of Limitations, laches, and fraud; b) a counter-claim against ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, breach of contract, and conspiracy; and c) a third party petition against ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, and conspiracy.

### C.  Venue

17.      Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

18.      Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2) because Third Party Defendants, ERIC K. CHAN, a natural person, and ELLA Y.T.C. CHAN, a natural person, were residents of Harris County, Texas at the time this cause of action accrued.

19.      Venue is proper in Harris County, Texas pursuant to  TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) because Third Party Defendant, DYNACQ HEALTHCARE, INC.'s principal office is located at 4301 Vista Road, Pasadena, Texas 77504.

20.      All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

4

### D.  Jurisdiction

21.     The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimal jurisdictional limits.

22.     The Court has jurisdiction over Third Party Defendant, DYNACQ HEALTHCARE, INC., because Third Party Defendant, DYNACQ HEALTHCARE, INC., purposely availed itself of the privilege and benefits of conducting business in Texas by maintaining its principal place of business at 4301 Vista Road, Pasadena, Harris County, Texas 77504, and by engaging in business in Texas and committing torts, which are the subject of this suit, in whole or in part in Texas.

23.     All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

24.     The Court has jurisdiction over Third Party Defendant, ERIC K. CHAN, because he is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 3836 Oberlin St., Houston, Texas 77005, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

25.     The Court has jurisdiction over Third Party Defendant, ELLA Y.T.C. CHAN, Individually, because she is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

26.     The Court has jurisdiction over Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, because she is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

5

### E.  Facts

27.     Third Party Defendant, DYNACQ HEALTHCARE, INC. is a small, publicly traded company.  For many years, CHIU MOON CHAN, Deceased, was the Chief Executive Officer and majority shareholder of Third Party Defendant, DYNACQ HEALTHCARE, INC., and conducted his business and maintained his principal place of business and his residence in Harris County, Texas.  Third Party Defendant, DYNACQ HEALTHCARE, INC. operated small specialty hospitals in Pasadena, Texas and Garland, Texas.  The Garland, Texas facility is no longer operating and the property has been sold.  The Pasadena, Texas facility continues in operation.  For many years, CHIU MOON CHAN, Deceased, and his wife, ELLA Y.T.C. CHAN, Third Party Defendant, were majority shareholders of Third Party Defendant, DYNACQ HEALTHCARE, INC., holding the shares as community property, and they conducted their business and maintained their principal place of business and their residence in Harris County, Texas.  CHIU MOON CHAN, Deceased, took ill in January, 2012, and died in May, 2012.  Prior to his death, CHIU MOON CHAN, Deceased, Third Party Defendant, ELLA Y.T.C. CHAN, and their son, Third Party Defendant, ERIC K. CHAN, operated Third Party Defendant, DYNACQ HEALTHCARE, INC., in Harris County, Texas as their personal family piggy bank.  A recent so-called "internal investigation" commissioned by Third Party Defendant, DYNACQ HEALTHCARE, INC., and the CHAN family after CHIU MOON CHAN's death has resulted in a disclosure by Third Party Defendant, DYNACQ HEALTHCARE, INC., that at least $7.8 Million has been spent by Third Party Defendant, DYNACQ HEALTHCARE, INC., on items for which the company got no benefit.  This money was spent by Third Party Defendant, DYNACQ HEALTHCARE, INC.'s former Chief Executive Officer, CHIU MOON CHAN, Deceased, by overriding internal controls so that this money could be spent at the whim and for the personal benefit

6

of the CHAN family to the exclusion of other oppressed minority shareholders.  During this period of time when the CHAN family received at least $7.8 Million in dividends, the other minority shareholders did not receive any dividends.  To put this into perspective, according to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s consolidated statements of operation for the years ended August 31, 2008, August 31, 2011, and August 31, 2012, Third Party Defendant, DYNACQ HEALTHCARE, INC., lost approximately $21 Million in 2011 and approximately $12 Million in 2012.  Third Party Defendant, DYNACQ HEALTHCARE, INC.'s total equity has dwindled from approximately $67 Million at August 31, 2008, down to approximately $30.7 Million at August 31, 2012.  In addition to this, Third Party Defendant, DYNACQ HEALTHCARE, INC.'s share price has dwindled from a ten year high of approximately $27.00 to below one cent.  Third Party Defendant, DYNACQ HEALTHCARE, INC. was kicked off the NASDAQ and now trades at times for one penny or less per share over the counter.  Despite the $30 Million in equity on Third Party Defendant, DYNACQ HEALTHCARE, INC.'s balance sheet, no one wants to pay even one cent for any of the approximately 14 Million shares of stock outstanding because the market has figured out that the CHAN family intends to bleed the company dry and keep everything for themselves to the exclusion of the minority shareholders.  After CHIU MOON CHAN's death in May, 2012, his son, Third Party Defendant, ERIC K. CHAN, succeeded him as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC.  Whereupon Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C., Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and her son, Third Party Defendant, ERIC K. CHAN, conspired to continue looting Third Party Defendant, DYNACQ HEALTHCARE, INC., even after the family's plan to use Third Party Defendant, DYNACQ HEALTHCARE, INC., as its personal family piggy bank was discovered by the then Board

7

of Directors.  Third Party Defendant, ERIC K. CHAN, in agreement with and at the instructions of his mother, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, (with combined ownership of approximately 60% of the outstanding common stock) gathered a super-majority of 66% and fired the Board of Directors that had inquired about the looting of Third Party Defendant, DYNACQ HEALTHCARE, INC., by the CHAN family.  Third Party Defendant, ELLA Y.T.C. CHAN, and Third Party Defendant, ERIC K. CHAN, installed Third Party Defendant, ERIC K. CHAN, as a one-man Board and a one-man Audit Committee doing all of his activities at the direction of his mother, ELLA Y.T.C. CHAN, acting in her individual capacity and in her capacity as Personal Representative of the Estate of CHIU MOON CHAN, Deceased.  The fox is now guarding the hen house as the CHAN family continues to oppress the minority shareholders by a malicious oppression of dividends to the minority with continued excessive payments to the majority.  There is a concentrated attempt on behalf of the CHAN family to deprive Intervenors of the fair market value of their shares and to suppress fair dividends to the minority until the entire wealth of Third Party Defendant, DYNACQ HEALTHCARE, INC. has been looted by the CHAN family.  Third Party Defendant, DYNACQ HEALTHCARE, INC. has only one class of shares and oppressed minority shareholders, Intervenors, are just as much entitled to dividends as the majority shareholders.  In addition to the $7.8 Million the CHANs admit was sucked out as dividends for their sole benefit to the exclusion of the oppressed minority shareholders, as the majority shareholder, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, individually and in his capacity as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., sucked out

8

approximately at least an additional total of $3.15 Million during the disastrous fiscal years ending August 31, 2011, and August 31, 2012, as follows:

- $1.3 Million as "executive compensation";

- Other immediate family members of the CHANs received compensation of approximately an additional $750,000.00 from Third Party Defendant, DYNACQ HEALTHCARE, INC., during that time period (although they apparently did no worthwhile work); and

- Third Party Defendant, DYNACQ HEALTHCARE, INC. paid other companies owned by the CHAN family over $1.1 Million on "contracts".

28.     *The looting of Third Party Defendant, DYNACQ HEALTHCARE, INC. continues to this day.* Third Party Defendant, DYNACQ HEALTHCARE, INC., has sold its Garland, Texas facility, in a "sweetheart deal" at over a two-thirds discount (an eight figure amount) from its appraised value to have more cash to pay to the CHAN family for the continued looting of Third Party Defendant, DYNACQ HEALTHCARE, INC.

29.     After the death of his father, CHIU MOON CHAN, Third Party Defendant, ERIC K. CHAN, and his mother, Third Party Defendant, ELLA Y.T.C. CHAN, attempted to obtain a $1 Million payment from Third Party Defendant, DYNACQ HEALTHCARE, INC., for his mother, Third Party Defendant, ELLA Y.T.C. CHAN, to the exclusion of the minority shareholders, including Intervenors. When their efforts failed, Third Party Defendant, ERIC K. CHAN, and his mother, Third Party Defendant, ELLA Y.T.C. CHAN, hatched a plan to fire the independent members of the Board so they could continue looting Third Party Defendant, DYNACQ HEALTHCARE, INC.

30.     Prior to this, Eric G. Carter's Petition in Intervention, other minority shareholders including JAMES G. GERACE, JOHN C. MEADORS, JOHN P. (PAUL) THOMPSON, BING LUN CHU, BING WOON CHU, KATHERINE KIM CHU, SARA KIM CHU, BICK FUN WONG, and TIN CHEE WONG, have come forward and intervened in this cause, seeking relief hereunder. Similarly, Eric G. Carter, individually and as Trustee, now seeks relief for those acts described herein.

**BREACH OF FIDUCIARY DUTY**

31.     All facts pleaded in paragraph E. above are incorporated herein by reference.

32.     The majority shareholders, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, dominate control over the business of Third Party Defendant, DYNACQ HEALTHCARE, INC., such that they have created a fiduciary duty in themselves to the minority shareholders who they are oppressing, including Eric G. Carter, individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan.

33.     The CHANs have complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., to the extent that prior to the death of CHIU MOON CHAN, the majority shareholder, CHIU MOON CHAN as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., overrode the internal controls of Third Party Defendant, DYNACQ HEALTHCARE, INC., and conspired with his Chief Financial Officer to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., by paying dividends to himself and oppressed the minority shareholders by paying them no dividends.  Thus, CHIU MOON CHAN exercised complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., by bypassing Third Party Defendant, DYNACQ HEALTHCARE, INC.'s internal controls and

10

acting on his whim without the knowledge of the Board of Directors.  Third Party Defendants, ERIC K. CHAN and ELLA Y.T.C. CHAN, have continued to dominate and control Third Party Defendant, DYNACQ HEALTHCARE, INC., in an oppressive manner to the exclusion of the minority shareholders by terminating the Board of Directors and operating Third Party Defendant, DYNACQ HEALTHCARE, INC., at their whim by appointing Third Party Defendant, ERIC K. CHAN, as a one-man Board and one-man Auditing Committee. They have conspired with Phillip Chan to seize absolute control of Dynacq by agreeing to form a super majority of stock holders and thereby eliminate any other shareholder involvement.  Although Phillip Chan was a co-conspirator of Chiu Moon Chan he has been effectively released from any obligations to Dynacq through a sham Lawsuit styled, Cause No. 2013-28331, *Dynacq Healthcare, Inc. vs. Phillip Chan*; In the 270th Judicial District, Harris County, Texas. Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually, ERIC K. CHAN have conspired to deny Dynacq Healthcare, Inc. and its shareholders any recovery from both the Estate of Chiu Moon Chan and Philip Chan in violation of the Texas Fraudulent Transfer Act.

34.     Ella Chan and Eric Chan have engaged in wrongful conduct and a lack of fair dealing with regard to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs to the prejudice of the oppressed minority shareholders sufficient enough to operate as a breach of fiduciary duty by way of oppressive conduct.

35.     Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC. breached their fiduciary duty to Intervenors by denying Intervenors' fair share of dividends and by running their stock price into the ground, further denying

11

them the fair value of their stock.  Intervenors, injuries resulted from Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased's and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.'s intentional acts, which entitled Intervenors, to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## SHAREHOLDER OPPRESSION/OPPRESSIVE CONDUCT

36.     All facts pleaded in paragraph E above are incorporated herein by reference.

37.     Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, (the CHANs) have looted and continue to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., through their oppressive conduct and shareholder oppression.  Third Party Defendant, DYNACQ HEALTHCARE, INC. is nothing but a tool in the continued oppressive conduct and minority shareholder oppression engaged in by the CHAN family.  The oppressive majority shareholders' conduct by the CHAN family substantially defeats the oppressed minority shareholders' expectations that when objectively viewed, were both reasonable under the circumstances and central to the oppressed minority shareholders, including Intervenors. The oppressed minority shareholders, including Intervenors, reasonably believed that they would receive dividends proportionate to the amount paid to the majority shareholders, but instead the majority shareholders have looted and continue to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., of its net worth to the exclusion of the minority shareholders Intervenors.

38.     In the alternative, the oppressive conduct of the majority shareholders, Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate

of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, and the shareholder oppression of the minority shareholders Intervenors, is burdensome, harsh, or wrongful conduct with a lack of probity and fair dealing in Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs to the prejudice of the oppressed minority shareholder members, or such conduct is a visible departure from the standards of fair dealings and a violation of fair play on which each minority shareholder is entitled to rely.

39.     As a remedy for the oppressive conduct of Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, the oppressed minority and Intervenors, are entitled to dividends to even up the situation, an order requiring future even dividends and/or future fair dividends, and an order requiring the Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., Intervenors, shares at a fair price.

## CONSTRUCTIVE TRUST

40.     All facts pleaded in paragraph E above are incorporated herein by reference.

41.     Because the CHAN family has taken more than its fair share of dividends by way of looting Third Party Defendant, DYNACQ HEALTHCARE, INC., thereby breaching their fiduciary duties and committing shareholder oppression/oppressive conduct against the minority shareholders, Intervenors, in equity, the oppressed minority shareholders, Intervenors, Eric G. Carter, individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan, are entitled to the imposition of a constructive trust on the proceeds of the looting which are in the hands of the CHAN family and/or a

constructive trust on a proportionate amount of cash and assets of Third Party Defendant, DYNACQ HEALTHCARE, INC., to even things up.

## CONSPIRACY

42.     All facts pleaded in paragraph E above are incorporated herein by reference.

43.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., have conspired with each other to commit breach of fiduciary duty and shareholder oppression/oppressive conduct on the minority shareholders and Intervenors.  This agreement was in place at all times relevant to this lawsuit and continues to this day as the looting of Third Party Defendant, DYNACQ HEALTHCARE, INC. continues.

44.     The common questions of law or fact are as presented in paragraph E above.

### F.  Agency

45.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., all did the acts complained of in this lawsuit on their own account and/or in the alternative as agents of each other.

### G.  Damages

46.     Intervenors are entitled to their damages as prayed for in their Prayer, all of which are part and/or parcel to the recovery and causes of action against ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.

### H. Attorney's Fees

14

47.     The filing of this original petition in intervention and the conduct of Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, INDIVIDUALLY, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., has necessitated that Intervenors hire the undersigned attorneys.  The attorney's fees for these attorneys are pleaded for and recoverable both according to statute and as a damage caused by Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, INDIVIDUALLY, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.

### I.  Conditions Precedent

48.     All conditions precedent to Intervenors claims for relief have been performed or have occurred.

### J.  Prayer

WHEREFORE, PREMISES CONSIDERED, Intervenors, Eric G. Carter, individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan pray that Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., be cited to appear and answer, and that on final trial, Intervenors have the following:

a.     Judgment against Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., for all allowable damages in an amount within the jurisdictional limits of this Court;

b.     Fair proportionate dividends to even up the situation;

c.     Fair proportionate dividends in the future;

d.     An appraisal and buyout of shares;

e.      Prejudgment interest as provided by law;

f.      Postjudgment interest as provided by law;

g.      Costs of suit;

h.      Punitive damages; and

i.      Such other and further relief, both general and special, to which Intervenors may be justly entitled.

Respectfully submitted,

BY:      /s/ Ronald C. Campana

RONALD C. CAMPANA
SBN:  03692600
6363 Woodway, Suite 725
Houston, Texas 77057-1714
Tel: (713) 783-4120
Fax: (713) 783-8812

ERIC WILLIAM CARTER
SBN: 24057797
**THE CARTER LAW FIRM**
1811 Southmore Blvd
Houston, Texas 77004
Tel: (713) 227-0042
Fax: (713) 227-7001
**ATTORNEYS FOR PLAINTIFF:
ERIC G. CARTER, INDIVIDUALLY AND AS
TRUSTEE OF THE ERIC G. CARTER
PENSION AND PROFIT SHARING PLAN**

16

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *Original Petition in Intervention of Eric G. Carter* has been served on all counsel of record, by hand delivery, facsimile transmittal, U.S. First Class Mail and/or certified mail, return receipt requested, or electronic service on this the 23rd day of April, 2014.

/s/ Ronald C. Campana

**Ronald C. Campana**

*Attorney for Ella Y.T.C. Chan, Executrix of the Estate of Chiu Moon Chan, Deceased, Eric K. Chan, and Dynacq Healthcare, Inc.:*

Michael J. Stanley

Stanley, Frank & Rose, LLP

7026 Old Katy Road, Suite 259

Houston, Texas 77024

Tel: (713) 980-4381

Fax: (713) 980-1179

*Via Fax & Via Electronic Service*

17

2/19/2014 3:40:26 PM
Chris Daniel - District Clerk Harris County
Envelope No. 1304201
By: Euniecy Gentry

## CAUSE NO. 2013-31012

| | | |
|---|---|---|
| **ELLA Y. T. C. CHAN, Executrix** | § | **IN THE DISTRICT COURT OF** |
| **of the ESTATE OF CHIU MOON,** | § | |
| **CHAN, Deceased,** | § | |
| *Plaintiff,* | § | |
| | § | **OF HARRIS COUNTY, TEXAS** |
| **vs.** | § | |
| | § | |
| **PING SUN CHU, M.D.,** | § | |
| *Defendant.* | § | **333rd JUDICIAL DISTRICT** |

**PLAINTIFF/COUNTER-DEFENDANT ELLA Y.T.C CHAN, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, DECEASED, AND THIRD PARTY DEFENDANTS ERIC K. CHAN AND DYNACQ HEALTHCARE INC.'S ORIGINAL ANSWER TO THE ORIGINAL PETITION IN INTERVENTION OF ERIC G. CARTER, INDIVIDUALLY AND AS TRUSTEE FOR ERIC G. CARTER PENSION AND PROFIT PLAN**

Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually and as Executrix of the Estate of Chiu Moon Chan, Deceased, and Third Party Defendants, Eric K. Chan and Dynacq Healthcare, Inc., file this Original Answer, to Intervenor Eric G. Carter, Individually and as Trustee for the Eric G. Carter Pension and Profit Plan's Original Petition in Intervention.

### A. General Denial

1.      Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually and as Executrix of the Estate of Chiu Moon Chan, Deceased, and Third Party Defendants, Eric K. Chan and Dynacq Healthcare, Inc., generally deny the allegations in Intervenor's Petition in Intervention.

### B. Affirmative Defenses

2.      Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually, and as Executrix of the Estate of Chiu Moon Chan, Deceased, and Third Party Defendants, Eric K. Chan and Dynacq Healthcare, Inc., are not liable to Intervenor because

**EXHIBIT**

**4-b**

(a)   Intervenor assumed the risk with respect to the stock purchases.

(b)   Intervenor own acts or omissions proximately caused or contributed to Intervenor's injuries.

(c)   of estoppel.

(d)   of fraud.

(e)   of illegality

(f)   Intervenor did not mitigate damages.

## Prayer

3.   For these reasons, Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually, and as Executrix of the Estate of Chiu Moon Chan, Deceased, and Third Party Defendants, Eric K. Chan and Dynacq Healthcare, Inc., ask the court to dismiss this suit or render judgment that Intervenor, Eric G. Carter, Individually and as Trustee for the Eric G. Carter Pension and Profit Plan, take nothing, assess costs against Intervenor Eric G. Carter, Individually and as Trustee for the Eric G. Carter Pension and Profit Plan, and award all other relief to which Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually and as Executrix of the Estate of Chiu Moon Chan, Deceased, and Third Party Defendants, Eric K. Chan and Dynacq Healthcare, Inc., are entitled.

Respectfully submitted,

**STANLEY FRANK & ROSE, LLP**

*/s/ Michael J. Stanley*
Michael J. Stanley
State Bar No. 19046600
mstanley@stanleylaw.com
Brian Tagtmeier
State Bar No. 00785078
btagtmeier@stanleylaw.com
Leslie J. Searle
lsearle@stanleylaw.com

2

State Bar No. 24039167
7026 Old Katy Road, Suite 259
Houston, Texas 77056
(713) 980-4381 – Telephone
(713) 980-1179 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, pursuant to the Texas Rules of Civil Procedure, on this 19th day of May 2014 as follows:

**ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF/THIRD PARTY PLAINTIFF PING SUN CHU, MD AND INTERVENORS**
Thomas J. Leibowitz
One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
*Via email: elmocarter@sbcglobal.net*

**ATTORNEYS FOR INTERVENORS ERIC G. CARTER INDIVIDUALLY AND AS TRUSTEE OF THE ERIC G. CARTER PENSION AND PROFIT SHARING PLAN**
Ronald C. Campana
6363 Woodway, Suite 725
Houston, Texas 77057
Facsimile/713-783-8812
*Via email: roncampana@gmail.com*

and

Eric W. Carter
The Carter Law Firm
1811 Southmore Blvd.
Houston, TX  77004
*Via email: ewcarter@carter-lawfirm.com*

/s/ Michael J. Stanley
Michael J. Stanley

3

6/12/2014 6:59:21 PM
Chris Daniel - District Clerk Harris County
Envelope No. 1529702
By: Adiliani Solis

CAUSE NO. 2013-31012

| | | |
|---|---|---|
| ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff/Counter-Defendant* | § § § | |
| vs. | § § | |
| PING SUN CHU, M.D., | § § | |
| *Defendant/Counter-Plaintiff/ Third Party Plaintiff* | § § § | HARRIS COUNTY, T E X A S |
| vs. | § § | |
| ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., | § § § § | |
| *Third Party Defendants* | § | 333RD JUDICIAL DISTRICT |

## ORIGINAL PETITION IN INTERVENTION OF NORA BUMPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW NORA BUMPUS, Individually, Intervenor herein, and files this petition in intervention as party-plaintiff, and for good cause would respectfully show this Court as follows:

### A.  Parties

1.      Intervenor, NORA BUMPUS, is a natural person and a resident of Harris County, Texas.

2.      Intervenor, ERIC G. CARTER, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

3.      Intervenor, ERIC G. CARTER, Trustee, is trustee of the Eric G. Carter Pension and Profit Sharing Plan and has previously appeared in this case.

4.      Intervenor, JAMES G. GERACE, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

EXHIBIT
4-c

5.      Intervenor, JOHN C. MEADORS, is a natural person and a resident of Gillespie County, Texas and has previously appeared in this case.

6.      Intervenor, JOHN P. THOMPSON, is a natural person and a resident of Galveston County, Texas and has previously appeared in this case.

7.      Intervenor, BING LUN CHU, is a natural person and a resident of Travis County, Texas and has previously appeared in this case.

8.      Intervenor, BING WOON CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

9.      Intervenor, KATHERINE KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

10.     Intervenor, SARA KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

11.     Intervenor, BICK FUN WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case.

12.     Intervenor, TIN CHEE WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case.

13.     Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, is an individual and a resident of the State of Texas.  Her place of business is located at 4301 Vista Road, Pasadena, Texas 77504 and her residence is located at 323 Wood Loop Street, Houston, Texas 77015.  A copy of this petition will be forwarded to Michael J. Stanley, attorney of record for Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU

2

MOON CHAN, Deceased, at Stanley, Frank & Rose, LLP, 7026 Old Katy Road, Suite 259, Houston, Texas 77024, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

14.     Third Party Defendant, ELLA Y.T.C. CHAN, Individually, is a natural person and a resident of the State of Texas.   Third Party Defendant, ELLA Y.T.C. CHAN, Individually, resides in Houston, Harris County, Texas.  Her place of business is located at 4301 Vista Road, Pasadena, Texas 77504 and her residence is located at 323 Wood Loop Street, Houston, Texas 77015.  A copy of this petition will be forwarded to Michael J. Stanley, attorney of record for Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually, at Stanley, Frank & Rose, LLP, 7026 Old Katy Road, Suite 259, Houston, Texas 77024, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

15.     Third Party Defendant, ERIC K. CHAN, is a natural person and a resident of the State of Texas.  Third Party Defendant, ERIC K. CHAN, resides in Houston, Harris County, Texas.  His place of business is located at 4301 Vista Road, Pasadena, Texas 77504 and his residence is located at 3836 Oberlin St., Houston, Texas 77005. A copy of this petition will be forwarded to Michael J. Stanley, attorney of record for Third Party Defendant, ERIC K. CHAN, at Stanley, Frank & Rose, LLP, 7026 Old Katy Road, Suite 259, Houston, Texas 77024, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

16.     Third Party Defendant, DYNACQ HEALTHCARE, INC. is a foreign corporation organized under the laws of the State of Nevada that is authorized to do business in the State of Texas and is doing business in the State of Texas with its principal place of business at 4301 Vista Road, Pasadena, Texas 77504.  A copy of this petition will be forwarded to Michael J. Stanley, attorney of record for Third Party Defendant, DYNACQ HEALTHCARE, INC., at Stanley, Frank & Rose, LLP,

7026 Old Katy Road, Suite 259, Houston, Texas 77024, under the provisions of Texas Rules of Civil Procedure 21 and 21a.

### B.  The Original Lawsuit, Counter-Claim, and Third Party Petition

17.     On May 23, 2013, Plaintiff, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, sued Defendant, PING SUN CHU, M.D., for conversion.  Defendant, PING SUN CHU, M.D., filed:  a) an answer asserting a general denial and the affirmative defenses of Statute of Limitations, laches, and fraud; b) a counter-claim against ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, breach of contract, and conspiracy; and c) a third party petition against ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, and conspiracy.

### C.  Venue

18.     Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

19.     Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2) because Third Party Defendants, ERIC K. CHAN, a natural person, and ELLA Y.T.C. CHAN, a natural person, were residents of Harris County, Texas at the time this cause of action accrued.

20.      Venue is proper in Harris County, Texas pursuant to  TEX. CIV. PRAC. & REM. CODE §

15.002(a)(3) because Third Party Defendant, DYNACQ HEALTHCARE, INC.'s principal office is

located at 4301 Vista Road, Pasadena, Texas 77504.

21.      All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

### D.  Jurisdiction

22.      The Court has jurisdiction over the lawsuit because the amount in controversy exceeds

this court's minimal jurisdictional limits.

23.      The Court has jurisdiction over Third Party Defendant, DYNACQ HEALTHCARE,

INC., because Third Party Defendant, DYNACQ HEALTHCARE, INC., purposely availed itself of the

privilege and benefits of conducting business in Texas by maintaining its principal place of business at

4301 Vista Road, Pasadena, Harris County, Texas 77504, and by engaging in business in Texas and

committing torts, which are the subject of this suit, in whole or in part in Texas.

24.      All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

25.      The Court has jurisdiction over Third Party Defendant, ERIC K. CHAN, because he is a

resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a

residence at 3836 Oberlin St. Houston, Texas 77005, and maintains a place of business in Harris

County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

26.      The Court has jurisdiction over Third Party Defendant, ELLA Y.T.C. CHAN,

Individually, because she is a resident of Harris County, Texas, regularly conducts business in Harris

County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a

place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

27.     The Court has jurisdiction over Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, because she is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

**E.  Facts**

28.     Third Party Defendant, DYNACQ HEALTHCARE, INC. is a small, publicly traded company.  For many years, CHIU MOON CHAN, Deceased, was the Chief Executive Officer and majority shareholder of Third Party Defendant, DYNACQ HEALTHCARE, INC., and conducted his business and maintained his principal place of business and his residence in Harris County, Texas.  Third Party Defendant, DYNACQ HEALTHCARE, INC. operated small specialty hospitals in Pasadena, Texas and Garland, Texas.  The Garland, Texas facility is no longer operating and the property has been sold.  The Pasadena, Texas facility continues in operation.  For many years, CHIU MOON CHAN, Deceased, and his wife, ELLA Y.T.C. CHAN, Third Party Defendant, were majority shareholders of Third Party Defendant, DYNACQ HEALTHCARE, INC., holding the shares as community property, and they conducted their business and maintained their principal place of business and their residence in Harris County, Texas.  CHIU MOON CHAN, Deceased, took ill in January, 2012, and died in May, 2012.  Prior to his death, CHIU MOON CHAN, Deceased, Third Party Defendant, ELLA Y.T.C. CHAN, and their son, Third Party Defendant, ERIC K. CHAN, operated Third Party Defendant, DYNACQ HEALTHCARE, INC., in Harris County, Texas as their personal family piggy bank.  A recent so-called "internal investigation" commissioned by Third Party Defendant, DYNACQ HEALTHCARE, INC., and the CHAN family after CHIU MOON CHAN's death has resulted in a

6

disclosure by Third Party Defendant, DYNACQ HEALTHCARE, INC., that at least $7.8 Million has been spent by Third Party Defendant, DYNACQ HEALTHCARE, INC., on items for which the company got no benefit.   This money was spent by Third Party Defendant, DYNACQ HEALTHCARE, INC.'s former Chief Executive Officer, CHIU MOON CHAN, Deceased, by overriding internal controls so that this money could be spent at the whim and for the personal benefit of the CHAN family to the exclusion of other oppressed minority shareholders.  During this period of time when the CHAN family received at least $7.8 Million in dividends, the other minority shareholders did not receive any dividends.   To put this into perspective, according to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s consolidated statements of operation for the years ended August 31, 2008, August 31, 2011, and August 31, 2012, Third Party Defendant, DYNACQ HEALTHCARE, INC., lost approximately $21 Million in 2011 and approximately $12 Million in 2012.   Third Party Defendant, DYNACQ HEALTHCARE, INC.'s total equity has dwindled from approximately $67 Million at August 31, 2008, down to approximately $30.7 Million at August 31, 2012.  In addition to this, Third Party Defendant, DYNACQ HEALTHCARE, INC.'s share price has dwindled from a ten year high of approximately $27.00 to below one cent.  Third Party Defendant, DYNACQ HEALTHCARE, INC. was kicked off the NASDAQ and now trades at times for one penny or less per share over the counter.  Despite the $30 Million in equity on Third Party Defendant, DYNACQ HEALTHCARE, INC.'s balance sheet, no one wants to pay even one cent for any of the approximately 14 Million shares of stock outstanding because the market has figured out that the CHAN family intends to bleed the company dry and keep everything for themselves to the exclusion of the minority shareholders.  After CHIU MOON CHAN's death in May, 2012, his son, Third Party Defendant, ERIC K. CHAN, succeeded him as President and Chief Executive Officer of Third Party Defendant, DYNACQ

HEALTHCARE, INC. Whereupon Third Party Defendant and Plaintiff/Counter-Defendant, ELLA

Y.T.C., Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and her son,

Third Party Defendant, ERIC K. CHAN, conspired to continue looting Third Party Defendant,

DYNACQ HEALTHCARE, INC., even after the family's plan to use Third Party Defendant,

DYNACQ HEALTHCARE, INC., as its personal family piggy bank was discovered by the then Board

of Directors. Third Party Defendant, ERIC K. CHAN, in agreement with and at the instructions of his

mother, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually

and as Executrix of the Estate of CHIU MOON CHAN, Deceased, (with combined ownership of

approximately 60% of the outstanding common stock) gathered a super-majority of 66% and fired the

Board of Directors that had inquired about the looting of Third Party Defendant, DYNACQ

HEALTHCARE, INC., by the CHAN family. Third Party Defendant, ELLA Y.T.C. CHAN, and Third

Party Defendant, ERIC K. CHAN, installed Third Party Defendant, ERIC K. CHAN, as a one-man

Board and a one-man Audit Committee doing all of his activities at the direction of his mother, ELLA

Y.T.C. CHAN, acting in her individual capacity and in her capacity as Personal Representative of the

Estate of CHIU MOON CHAN, Deceased. The fox is now guarding the hen house as the CHAN

family continues to oppress the minority shareholders by a malicious oppression of dividends to the

minority with continued excessive payments to the majority. There is a concentrated attempt on behalf

of the CHAN family to deprive Intervenor of the fair market value of her shares and to suppress fair

dividends to the minority until the entire wealth of Third Party Defendant, DYNACQ

HEALTHCARE, INC. has been looted by the CHAN family. Third Party Defendant, DYNACQ

HEALTHCARE, INC. has only one class of shares and oppressed minority shareholders, Intervenors,

are just as much entitled to dividends as the majority shareholders. In addition to the $7.8 Million the

8

CHANs admit was sucked out as dividends for their sole benefit to the exclusion of the oppressed minority shareholders, as the majority shareholder, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, individually and in his capacity as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., sucked out approximately at least an additional total of $3.15 Million during the disastrous fiscal years ending August 31, 2011, and August 31, 2012, as follows:

- $1.3 Million as "executive compensation";

- Other immediate family members of the CHANs received compensation of approximately an additional $750,000.00 from Third Party Defendant, DYNACQ HEALTHCARE, INC., during that time period (although they apparently did no worthwhile work); and

- Third Party Defendant, DYNACQ HEALTHCARE, INC. paid other companies owned by the CHAN family over $1.1 Million on "contracts".

29.    *The looting of Third Party Defendant, DYNACQ HEALTHCARE, INC. continues to this day.* Third Party Defendant, DYNACQ HEALTHCARE, INC., has sold its Garland, Texas facility, in a "sweetheart deal" at over a two-thirds discount (an eight figure amount) from its appraised value to have more cash to pay to the CHAN family for the continued looting of Third Party Defendant, DYNACQ HEALTHCARE, INC.

30.    After the death of his father, CHIU MOON CHAN, Third Party Defendant, ERIC K. CHAN, and his mother, Third Party Defendant, ELLA Y.T.C. CHAN, attempted to obtain a $1 Million payment from Third Party Defendant, DYNACQ HEALTHCARE, INC., for his mother, Third Party

Defendant, ELLA Y.T.C. CHAN, to the exclusion of the minority shareholders, including Intervenors. When their efforts failed, Third Party Defendant, ERIC K. CHAN, and his mother, Third Party Defendant, ELLA Y.T.C. CHAN, hatched a plan to fire the independent members of the Board so they could continue looting Third Party Defendant, DYNACQ HEALTHCARE, INC.

31.     Prior to this, NORA BUMPUS' Petition in Intervention, other minority shareholders including ERIC G. CARTER, INDIVIDUALLY, ERIC G. CARTER, TRUSTEE OF THE ERIC G. CARTER PENSION AND PROFIT SHARING PLAN, JAMES G. GERACE, JOHN C. MEADORS, JOHN P. (PAUL) THOMPSON, BING LUN CHU, BING WOON CHU, KATHERINE KIM CHU, SARA KIM CHU, BICK FUN WONG, and TIN CHEE WONG, have come forward and intervened in this cause, seeking relief hereunder. Similarly, NORA BUMPUS now seeks relief for those acts described herein.

**BREACH OF FIDUCIARY DUTY**

32.     All facts pleaded in paragraph E. above are incorporated herein by reference.

33.     The majority shareholders, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, dominate control over the business of Third Party Defendant, DYNACQ HEALTHCARE, INC., such that they have created a fiduciary duty in themselves to the minority shareholders who they are oppressing, including NORA BUMPUS.

34.     The CHANs have complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., to the extent that prior to the death of CHIU MOON CHAN, the majority shareholder, CHIU MOON CHAN as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., overrode the internal controls of Third Party

10

Defendant, DYNACQ HEALTHCARE, INC., and conspired with his Chief Financial Officer to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., by paying dividends to himself and oppressed the minority shareholders by paying them no dividends.  Thus, CHIU MOON CHAN exercised complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., by bypassing Third Party Defendant, DYNACQ HEALTHCARE, INC.'s internal controls and acting on his whim without the knowledge of the Board of Directors.  Third Party Defendants, ERIC K. CHAN and ELLA Y.T.C. CHAN, have continued to dominate and control Third Party Defendant, DYNACQ HEALTHCARE, INC., in an oppressive manner to the exclusion of the minority shareholders by terminating the Board of Directors and operating Third Party Defendant, DYNACQ HEALTHCARE, INC., at their whim by appointing Third Party Defendant, ERIC K. CHAN, as a one-man Board and one-man Auditing Committee. They have conspired with Phillip Chan to seize absolute control of Dynacq by agreeing to form a super majority of stock holders and thereby eliminate any other shareholder involvement.  Although Phillip Chan was a co-conspirator of Chiu Moon Chan he has been effectively released from any obligations to Dynacq through a sham Lawsuit styled, Cause No. 2013-28331, *Dynacq Healthcare, Inc. vs. Phillip Chan*; In the 270th Judicial District, Harris County, Texas.  Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually, ERIC K. CHAN have conspired to deny Dynacq Healthcare, Inc. and its shareholders any recovery from both the Estate of Chiu Moon Chan and Philip Chan in violation of the Texas Fraudulent Transfer Act.

35.      Ella Y.T.C. Chan and Eric K. Chan have engaged in wrongful conduct and a lack of fair dealing with regard to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs to the

prejudice of the oppressed minority shareholders sufficient enough to operate as a breach of fiduciary duty by way of oppressive conduct.

36.     Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC. breached their fiduciary duty to Intervenors by denying Intervenors' fair share of dividends and by running their stock price into the ground, further denying them the fair value of their stock.  Intervenors, injuries resulted from Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased's and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.'s intentional acts, which entitled Intervenors, to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## SHAREHOLDER OPPRESSION/OPPRESSIVE CONDUCT

37.     All facts pleaded in paragraph E above are incorporated herein by reference.

38.     Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, (the CHANs) have looted and continue to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., through their oppressive conduct and shareholder oppression.  Third Party Defendant, DYNACQ HEALTHCARE, INC. is nothing but a tool in the continued oppressive conduct and minority shareholder oppression engaged in by the CHAN family.  The oppressive majority shareholders' conduct by the CHAN family substantially defeats the oppressed minority shareholders' expectations that when objectively viewed, were both reasonable under the circumstances and central to the oppressed minority shareholders, including Intervenor. The oppressed minority shareholders,

including Intervenors, reasonably believed that they would receive dividends proportionate to the amount paid to the majority shareholders, but instead the majority shareholders have looted and continue to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., of its net worth to the exclusion of the minority shareholders Intervenors.

39.      In the alternative, the oppressive conduct of the majority shareholders, Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, and the shareholder oppression of the minority shareholders/Intervenor, is burdensome, harsh, or wrongful conduct with a lack of probity and fair dealing in Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs to the prejudice of the oppressed minority shareholder members, or such conduct is a visible departure from the standards of fair dealings and a violation of fair play on which each minority shareholder is entitled to rely.

40.      As a remedy for the oppressive conduct of Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, the oppressed minority and Intervenor, are entitled to dividends to even up the situation, an order requiring future even dividends and/or future fair dividends, and an order requiring the Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., compensating Intervenor for the fair value of her shares.

## **CONSTRUCTIVE TRUST**

41.      All facts pleaded in paragraph E above are incorporated herein by reference.

13

42.     Because the CHAN family has taken more than its fair share of dividends by way of looting Third Party Defendant, DYNACQ HEALTHCARE, INC., thereby breaching their fiduciary duties and committing shareholder oppression/oppressive conduct against the minority shareholders, Intervenors, in equity, and the oppressed minority shareholder, Intervenor, NORA BUMPUS, are entitled to the imposition of a constructive trust on the proceeds of the looting which are in the hands of the CHAN family and/or a constructive trust on a proportionate amount of cash and assets of Third Party Defendant, DYNACQ HEALTHCARE, INC., to even things up.

**CONSPIRACY**

43.     All facts pleaded in paragraph E above are incorporated herein by reference.

44.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., have conspired with each other to commit breach of fiduciary duty and shareholder oppression/oppressive conduct on the minority shareholder and Intervenor.  This agreement was in place at all times relevant to this lawsuit and continues to this day as the looting of Third Party Defendant, DYNACQ HEALTHCARE, INC. continues.

45.     The common questions of law or fact are as presented in paragraph E above.

**F.  Agency**

46.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., all did the acts complained of in this lawsuit on their own account and/or in the alternative as agents of each other.

14

### G.  Damages

47.     Intervenors are entitled to their damages as prayed for in their Prayer, all of which are part and/or parcel to the recovery and causes of action against ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.

### H. Attorney's Fees

48.     The filing of this original petition in intervention and the conduct of Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, INDIVIDUALLY, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., has necessitated that Intervenor hire the undersigned attorneys. The attorney's fees for these attorneys are pleaded for and recoverable both according to statute and as a damage caused by Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, INDIVIDUALLY, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.

### I.  Conditions Precedent

49.     All conditions precedent to Intervenor's claims for relief have been performed or have occurred.

### J.  Prayer

WHEREFORE, PREMISES CONSIDERED, Intervenor, NORA BUMPUS prays that Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and

DYNACQ HEALTHCARE, INC., be cited to appear and answer, and that on final trial, Intervenor has the following:

a.   Judgment against Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., for all allowable damages in an amount within the jurisdictional limits of this Court;

b.   Fair proportionate dividends to even up the situation;

c.   Fair proportionate dividends in the future;

d.   An appraisal and buyout of shares;

e.   Prejudgment interest as provided by law;

f.   Postjudgment interest as provided by law;

g.   Costs of suit;

h.   Punitive damages; and

i.   Such other and further relief, both general and special, to which Intervenors may be justly entitled.

Respectfully submitted,

BY:     /s/ Eric William Carter
ERIC WILLIAM CARTER
SBN: 24057797
THE CARTER LAW FIRM
1811 Southmore Blvd
Houston, Texas 77004
Tel: (713) 227-0042
Fax: (713) 227-7001
ATTORNEY FOR INTERVENOR:
NORA BUMPUS

16

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *Original Petition in Intervention of Nora Bumpus* has been served on all counsel of record, by hand delivery, facsimile transmittal, U.S. First Class Mail and/or certified mail, return receipt requested, or electronic service on this the 12TH day of June, 2014.


      /s/ Eric William Carter
**Eric William Carter**


**Counsel for Ella Y.T.C. Chan, Executrix of the Estate of Chiu Moon Chan, Deceased, Eric K. Chan, and Dynacq Healthcare, Inc.:**
Michael J. Stanley
Stanley, Frank & Rose, LLP
7026 Old Katy Road, Suite 259
Houston, Texas 77024
Tel: (713) 980-4381
Fax: (713) 980-1179
*Via Fax & Via Electronic Service*

*Counsel for Defendant/Counter-Plaintiff/Third Party Plaintiff, PING SUN CHU, M.D. and Intervenors, JAMES G. GERACE, JOHN C. MEADORS, JOHN P. (PAUL) THOMPSON, BING LUN CHU, BING WOON CHU, KATHERINE KIM CHU, SARA KIM CHU, BICK FUN WONG, and TIN CHEE WONG*
THOMAS J. LEIBOWITZ
Attorney at Law
One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
Tel: (281) 565-6363
Fax: (281) 565-6465
*Via Fax & Via Electronic Service*


17

2/9/2014 4:57:38 PM
Chris Daniel - District Clerk Harris County
Envelope No. 1775405
By: Euniecy Gentry

CAUSE NO. 2013-31012

| | | |
|---|---|---|
| ELLA Y. T. C. CHAN, Executrix | § | IN THE DISTRICT COURT OF |
| of the ESTATE OF CHIU MOON, | § | |
| CHAN, Deceased, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | |
| | § | |
| PING SUN CHU, M.D., | § | OF HARRIS COUNTY, TEXAS |
| *Defendant.* | § | |
| vs. | § | |
| | § | |
| ELLAY Y.T.C. CHAN, Individually, | § | |
| ERIC K. CHAN, and DYNACQ | § | |
| HEALTHCARE, INC., | § | |
| *Third Party Defendants* | § | 333rd JUDICIAL DISTRICT |

---

**PLAINTIFF/COUNTER-DEFENDANT ELLA Y.T.C CHAN, INDIVIDUALLY
AND AS EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, DECEASED,
AND THIRD PARTY DEFENDANTS ELLA Y.T.C. CHAN, ERIC K. CHAN AND
DYNAQC HEALTHCARE INC.'S ORIGINAL ANSWER TO THE ORIGINAL
PETITION IN INTERVENTION OF NORA BUMPUS**

---

Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually, and as Executrix of the

Estate of Chiu Moon Chan, Deceased, and Third Party Defendants Eric K. Chan and Dynacq

Healthcare, Inc., file this, their Original Answer to the Original Petition in Intervention filed by

Nora Bumpus.

**A. General Denial**

1.     Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually, and as Executrix of the

Estate of Chiu Moon Chan, Deceased, and Third Party Defendants Eric K. Chan and Dynacq

Healthcare, Inc., generally deny all allegations in Intervenor Nora Bumpus' Original Petition in

Intervention.

EXHIBIT

**4-d**

**B. Affirmative Defenses**

2.      Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually, and as Executrix of the Estate of Chiu Moon Chan, Deceased, and Third Party Defendants Eric K. Chan and Dynacq Healthcare, Inc., are not liable to Intervenor because

     (a)     Intervenor assumed the risk;

     (b)     Intervenor's own acts or omissions proximately caused or contributed to her injuries;

     (c)     of estoppel;

     (d)     of fraud;

     (e)     of illegality;

     (f)     of mistake;

     (g)     the injury was the result of the criminal act of Intervenors and third persons; and

     (g)     Intervenor did not mitigate damages.

**Prayer**

3.      For these reasons, Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually, and as Executrix of the Estate of Chiu Moon Chan, Deceased, and Third Party Defendants Eric K. Chan and Dynacq Healthcare, Inc., ask the court to dismiss this suit or render judgment that Intervenor Nora Bumpus take nothing, assess costs against her, including actual damages, prejudgment and post judgment interest, attorney's fees, costs of court and all other relief to which Plaintiff/Counter-defendant, Ella Y.T.C. Chan, Individually, and as Executrix of the Estate of Chiu Moon Chan, Deceased, and the Third Party Defendants Eric K. Chan and Dynacq Healthcare, Inc. are justly entitled.

Respectfully submitted,

**STANLEY FRANK & ROSE, LLP**

*/s/ Michael J. Stanley*
Michael J. Stanley
State Bar No. 19046600
mstanley@stanleylaw.com
Brian Tagtmeier
State Bar No. 00785078
btagtmeier@stanleylaw.com
Leslie J. Searle
lsearle@stanleylaw.com
State Bar No. 24039167
7026 Old Katy Road, Suite 259
Houston, Texas 77056
(713) 980-4381 – Telephone
(713) 980-1179 – Facsimile

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, pursuant to the Texas Rules of Civil Procedure, on this 9th day of July 2014 as follows:

ATTORNEY FOR DEFENDANT/COUNTER-PLAINTIFF/THIRD PARTY PLAINTIFF
PING SUN CHU, MD AND INTERVENORS
Thomas J. Leibowitz
One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
*Via email: elmocarter@sbcglobal.net*

ATTORNEYS FOR INTERVENORS ERIC G. CARTER
INDIVIDUALLY AND AS TRUSTEE OF THE ERIC G.
CARTER PENSION AND PROFIT SHARING PLAN
Ronald C. Campana
6363 Woodway, Suite 725
Houston, Texas 77057
Facsimile/713-783-8812
*Via email: roncampana@gmail.com*

and

3

Eric W. Carter
The Carter Law Firm
1811 Southmore Blvd.
Houston, TX  77004
*Via email:* *ewcarter@carter-lawfirm.com*

/s/ Michael J. Stanley
Michael J. Stanley

Unofficial Copy Office of Chris Daniel District Clerk

12/1/2014 4:30:05 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3336999
By: Adiliani Solis
Filed: 12/1/2014 4:30:05 PM

CAUSE NO. 2013-31012

| | | |
|---|---|---|
| ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff/Counter-Defendant* | § § | |
| vs. | § § | |
| PING SUN CHU, M.D., | § | |
| *Defendant/Counter-Plaintiff/ Third Party Plaintiff* | § § § | HARRIS COUNTY, T E X A S |
| vs. | § § | |
| ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., | § § § | |
| *Third Party Defendants* | § | 333RD JUDICIAL DISTRICT |

**FIRST AMENDED PETITION IN INTERVENTION OF ERIC G. CARTER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ERIC G. CARTER, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan, Intervenors herein, and file this First Amended Petition in Intervention, as party-plaintiff, and for good cause would respectfully show this Court as follows:

**A.  Parties**

1.    Intervenor, ERIC G. CARTER, is a natural person and a resident of Harris County, Texas.

2.    Intervenor, ERIC G. CARTER, Trustee, is Trustee of the Eric G. Carter Pension and Profit Sharing Plan.

3.    Intervenor, NORA BUMPUS, is a natural person and a resident of Harris County, Texas and has appeared in this case.

EXHIBIT
4-e

4.      Intervenor, JAMES G. GERACE, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

5.      Intervenor, JOHN C. MEADORS, is a natural person and a resident of Gillespie County, Texas and has previously appeared in this case.

6.      Intervenor, JOHN P. THOMPSON, is a natural person and a resident of Galveston County, Texas and has previously appeared in this case.

7.      Intervenor, BING LUN CHU, is a natural person and a resident of Travis County, Texas and has previously appeared in this case.

8.      Intervenor, BING WOON CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

9.      Intervenor, KATHERINE KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

10.     Intervenor, SARA KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case.

11.     Intervenor, BICK FUN WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case.

12.     Intervenor, TIN CHEE WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case.

13.     Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, is an individual and a resident of the State of Texas and has previously appeared in this case.

14.     Third Party Defendant, ELLA Y.T.C. CHAN, Individually, is a natural person and a resident of the State of Texas. Third Party Defendant, ELLA Y.T.C. CHAN, Individually, resides in Houston, Harris County, Texas and has previously appeared in this case.

15.     Third Party Defendant, ERIC K. CHAN, is a natural person and a resident of the State of Texas. Third Party Defendant, ERIC K. CHAN, resides in Houston, Harris County, Texas and has previously appeared in this case.

16.     Third Party Defendant, DYNACQ HEALTHCARE, INC. is a foreign corporation organized under the laws of the State of Nevada that is authorized to do business in the State of Texas and is doing business in the State of Texas with its principal place of business at 4301 Vista Road, Pasadena, Texas 77504.  DYNACQ HEALTHCARE, INC. has previously appeared in this case.

### B.  The Original Lawsuit, Counter-Claim, and Third Party Petition

17.     On May 23, 2013, Plaintiff, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, sued Defendant, PING SUN CHU, M.D., for conversion.  Defendant, PING SUN CHU, M.D., filed:  a) an answer asserting a general denial and the affirmative defenses of Statute of Limitations, laches, and fraud; b) a counter-claim against ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, breach of contract, and conspiracy; and c) a third party petition against ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, and conspiracy.

3

## C.  Venue

18.     Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §
15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred
in Harris County, Texas.

19.     Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE §
15.002(a)(2) because Third Party Defendants, ERIC K. CHAN, a natural person, and ELLA Y.T.C.
CHAN, a natural person, were residents of Harris County, Texas at the time this cause of action
accrued.

20.     Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE §
15.002(a)(3) because Third Party Defendant, DYNACQ HEALTHCARE, INC.'s principal office is
located at 4301 Vista Road, Pasadena, Texas 77504.

21.     All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

## D.  Jurisdiction

22.     The Court has jurisdiction over the lawsuit because the amount in controversy exceeds
this court's minimal jurisdictional limits.

23.     The Court has jurisdiction over Third Party Defendant, DYNACQ HEALTHCARE,
INC., because Third Party Defendant, DYNACQ HEALTHCARE, INC., purposely availed itself of the
privilege and benefits of conducting business in Texas by maintaining its principal place of business at
4301 Vista Road, Pasadena, Harris County, Texas 77504, and by engaging in business in Texas and
committing torts, which are the subject of this suit, in whole or in part in Texas.

24.     All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

4

25.     The Court has jurisdiction over Third Party Defendant, ERIC K. CHAN, because he is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 3836 Oberlin St., Houston, Texas 77005, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

26.     The Court has jurisdiction over Third Party Defendant, ELLA Y.T.C. CHAN, Individually, because she is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

27.     The Court has jurisdiction over Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, because she is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

### E.  Facts

28.     Third Party Defendant, DYNACQ HEALTHCARE, INC. is a small, publicly traded company.  For many years, CHIU MOON CHAN, Deceased, was the Chief Executive Officer and majority shareholder of Third Party Defendant, DYNACQ HEALTHCARE, INC., and conducted his business and maintained his principal place of business and his residence in Harris County, Texas.  Third Party Defendant, DYNACQ HEALTHCARE, INC. operated small specialty hospitals in Pasadena, Texas and Garland, Texas.  The Garland, Texas facility is no longer operating and the property has been sold.  The Pasadena, Texas facility continues in operation.  For many years, CHIU MOON CHAN, Deceased, and his wife, ELLA Y.T.C. CHAN, Third Party Defendant, were majority shareholders of

5

Third Party Defendant, DYNACQ HEALTHCARE, INC., holding the shares as community property, and they conducted their business and maintained their principal place of business and their residence in Harris County, Texas.  CHIU MOON CHAN, Deceased, took ill in January, 2012, and died in May, 2012.  Prior to his death, CHIU MOON CHAN, Deceased, Third Party Defendant, ELLA Y.T.C. CHAN, and their son, Third Party Defendant, ERIC K. CHAN, operated Third Party Defendant, DYNACQ HEALTHCARE, INC., in Harris County, Texas as their personal family piggy bank.  A recent so-called "internal investigation" commissioned by Third Party Defendant, DYNACQ HEALTHCARE, INC., and the CHAN family after CHIU MOON CHAN's death has resulted in a disclosure by Third Party Defendant, DYNACQ HEALTHCARE, INC., that at least $7.8 Million has been spent by Third Party Defendant, DYNACQ HEALTHCARE, INC., on items for which the company got no benefit.   This money was spent by Third Party Defendant, DYNACQ HEALTHCARE, INC.'s former Chief Executive Officer, CHIU MOON CHAN, Deceased, by overriding internal controls so that this money could be spent at the whim and for the personal benefit of the CHAN family to the exclusion of other oppressed minority shareholders.  During this period of time when the CHAN family received at least $7.8 Million in dividends, the other minority shareholders did not receive any dividends.  To put this into perspective, according to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s consolidated statements of operation for the years ended August 31, 2008, August 31, 2011, and August 31, 2012, Third Party Defendant, DYNACQ HEALTHCARE, INC., lost approximately $21 Million in 2011 and approximately $12 Million in 2012.  Third Party Defendant, DYNACQ HEALTHCARE, INC.'s total equity has dwindled from approximately $67 Million at August 31, 2008, down to approximately $30.7 Million at August 31, 2012.  In addition to this, Third Party Defendant, DYNACQ HEALTHCARE, INC.'s share price has dwindled from a ten year

high of approximately $27.00 to below one cent.  Third Party Defendant, DYNACQ HEALTHCARE, INC. was kicked off the NASDAQ and now trades at times for one penny or less per share over the counter.  Despite the $30 Million in equity on Third Party Defendant, DYNACQ HEALTHCARE, INC.'s balance sheet, no one wants to pay even one cent for any of the approximately 14 Million shares of stock outstanding because the market has figured out that the CHAN family intends to bleed the company dry and keep everything for themselves to the exclusion of the minority shareholders.  After CHIU MOON CHAN's death in May, 2012, his son, Third Party Defendant, ERIC K. CHAN, succeeded him as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC.  Whereupon Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and her son, Third Party Defendant, ERIC K. CHAN, conspired to continue looting Third Party Defendant, DYNACQ HEALTHCARE, INC., even after the family's plan to use Third Party Defendant, DYNACQ HEALTHCARE, INC., as its personal family piggy bank was discovered by the then Board of Directors.  Third Party Defendant, ERIC K. CHAN, in agreement with and at the instructions of his mother, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, (with combined ownership of approximately 60% of the outstanding common stock) gathered a super-majority of 66% and fired the Board of Directors that had inquired about the looting of Third Party Defendant, DYNACQ HEALTHCARE, INC., by the CHAN family.  Third Party Defendant, ELLA Y.T.C. CHAN, and Third Party Defendant, ERIC K. CHAN, installed Third Party Defendant, ERIC K. CHAN, as a one-man Board and a one-man Audit Committee doing all of his activities at the direction of his mother, ELLA Y.T.C. CHAN, acting in her individual capacity and in her capacity as Personal Representative of the

7

Estate of CHIU MOON CHAN, Deceased.  The fox is now guarding the hen house as the CHAN family continues to oppress the minority shareholders by a malicious oppression of dividends to the minority with continued excessive payments to the majority.  There is a concentrated attempt on behalf of the CHAN family to deprive Intervenors of the fair market value of their shares and to suppress fair dividends to the minority until the entire wealth of Third Party Defendant, DYNACQ HEALTHCARE, INC. has been looted by the CHAN family.  Third Party Defendant, DYNACQ HEALTHCARE, INC. has only one class of shares and oppressed minority shareholders, Intervenors, are just as much entitled to dividends as the majority shareholders.  In addition to the $7.8 Million the CHANs admit was sucked out as dividends for their sole benefit to the exclusion of the oppressed minority shareholders, as the majority shareholder, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, individually and in his capacity as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., sucked out approximately at least an additional total of $3.15 Million during the disastrous fiscal years ending August 31, 2011, and August 31, 2012, as follows:

- $1.3 Million as "executive compensation";

- Other immediate family members of the CHANs received compensation of approximately an additional $750,000.00 from Third Party Defendant, DYNACQ HEALTHCARE, INC., during that time period (although they apparently did no worthwhile work); and

- Third Party Defendant, DYNACQ HEALTHCARE, INC. paid other companies owned by the CHAN family over $1.1 Million on "contracts".

29.     *The looting of Third Party Defendant, DYNACQ HEALTHCARE, INC. continues to this day.* Third Party Defendant, DYNACQ HEALTHCARE, INC., has sold its Garland, Texas facility, in a "sweetheart deal" at over a two-thirds discount (an eight figure amount) from its appraised value to have more cash to pay to the CHAN family for the continued looting of Third Party Defendant, DYNACQ HEALTHCARE, INC.

30.     After the death of his father, CHIU MOON CHAN, Third Party Defendant, ERIC K. CHAN, and his mother, Third Party Defendant, ELLA Y.T.C. CHAN, attempted to obtain a $1 Million payment from Third Party Defendant, DYNACQ HEALTHCARE, INC., for his mother, Third Party Defendant, ELLA Y.T.C. CHAN, to the exclusion of the minority shareholders, including Intervenors. When their efforts failed, Third Party Defendant, ERIC K. CHAN, and his mother, Third Party Defendant, ELLA Y.T.C. CHAN, hatched a plan to fire the independent members of the Board so they could continue looting Third Party Defendant, DYNACQ HEALTHCARE, INC.

31.     Prior to his death, CHIU MOON CHAN and other representatives of DYNACQ HEALTHCARE, INC. continually made repeated false representations to ERIC G. CARTER that DYNACQ HEALTHCARE, INC., through the actions of their officers, agents and employees, was operating within legal bounds, not violating the laws of any jurisdiction, and otherwise making legitimate efforts to maintain and later to rebuild the hospital business that once thrived. This turned out to be false, misleading, and/or otherwise untrue, as it was later learned that CHIU MOON CHAN, with the assistance of at least one other officer or employee of DYNACQ HEALTHCARE, INC. (and/or Dynacq related companies) was, over a period of several years, unlawfully spending monies which were not for the benefit of DYNACQ HEALTHCARE, INC. Upon information and belief, this $7.8 million

9

dollar expenditure was actually a dividend payment made for the benefit of CHIU MOON CHAN'S family, directly.

32.     Based on Mr. Chiu Chan's false representations, and relying on them to his detriment, ERIC G. CARTER continued to invest his money into the DYNACQ HEALTHCARE, INC. business through the purchase of shares of stock on the open market. Eric G. Carter knew the investment was risky but never knew that Mr. Chiu Chan and his fellow conspirators were stealing money and not recognizing the stock dividends from the company. The stock purchases began in 1999 and purchases were made as late as July 2012, approximately one week before he learned of the complex series of transactions that covered up the Chan thefts of corporate funds.

33.     Prior to this filing, Eric G. Carter's Amended Petition in Intervention, other minority shareholders including JAMES G. GERACE, JOHN C. MEADORS, JOHN P. (PAUL) THOMPSON, BING LUN CHU, BING WOON CHU, KATHERINE KIM CHU, SARA KIM CHU, BICK FUN WONG, and TIN CHEE WONG and DR. KELLY LARKIN, have come forward and intervened in this cause, seeking relief hereunder. Similarly, Eric G. Carter, Individually and as Trustee, now seek relief for those acts described herein.

## BREACH OF FIDUCIARY DUTY

34.     All facts pleaded in paragraph E. above are incorporated herein by reference.

35.     The majority shareholders, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, dominate control over the business of Third Party Defendant, DYNACQ HEALTHCARE, INC., such that they have created a fiduciary duty in

themselves to the minority shareholders who they are oppressing, including Eric G. Carter, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan.

36.    The CHANs have complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., to the extent that prior to the death of CHIU MOON CHAN, the majority shareholder, CHIU MOON CHAN as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., overrode the internal controls of Third Party Defendant, DYNACQ HEALTHCARE, INC., and conspired with his Chief Financial Officer to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., by paying dividends to himself and oppressed the minority shareholders by paying them no dividends.  Thus, CHIU MOON CHAN exercised complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., by bypassing Third Party Defendant, DYNACQ HEALTHCARE, INC.'s internal controls and acting on his whim without the knowledge of the Board of Directors.  Third Party Defendants, ERIC K. CHAN and ELLA Y.T.C. CHAN, have continued to dominate and control Third Party Defendant, DYNACQ HEALTHCARE, INC., in an oppressive manner to the exclusion of the minority shareholders by terminating the Board of Directors and operating Third Party Defendant, DYNACQ HEALTHCARE, INC., at their whim by appointing Third Party Defendant, ERIC K. CHAN, as a one-man Board and one-man Auditing Committee. They have conspired with Phillip Chan to seize absolute control of Dynacq by agreeing to form a super majority of stock holders and thereby eliminate any other shareholder involvement.  Although Phillip Chan was a co-conspirator of Chiu Moon Chan he has been effectively released from any obligations to Dynacq through a sham Lawsuit styled, Cause No. 2013-28331, *Dynacq Healthcare, Inc. vs. Phillip Chan*; In the 270th Judicial District, Harris County, Texas. Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased

and Third Party Defendants, ELLA Y.T.C CHAN, Individually, and ERIC K. CHAN have conspired to deny Dynacq Healthcare, Inc. and its shareholders any recovery from both the Estate of Chiu Moon Chan and Philip Chan in violation of the Texas Fraudulent Transfer Act.

37.     Ella Y.T.C. Chan and Eric K. Chan have engaged in wrongful conduct and a lack of fair dealing with regard to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs to the prejudice of the oppressed minority shareholders sufficient enough to operate as a breach of fiduciary duty by way of oppressive conduct.

38.     Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC. breached their fiduciary duty to Intervenors by denying Intervenors' fair share of dividends and by running their stock price into the ground, further denying them the fair value of their stock.  Intervenors' injuries resulted from Counter-Defendant's, ELLA Y.T.C. CHAN's, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants', ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.'s intentional acts, which entitled Intervenors to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## SHAREHOLDER OPPRESSION/OPPRESSIVE CONDUCT

39.     All facts pleaded in paragraph E above are incorporated herein by reference.

40.     Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, (the CHANs) have looted and continue to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., through their oppressive conduct and shareholder oppression.  Third Party

12

Defendant, DYNACQ HEALTHCARE, INC. is nothing but a tool in the continued oppressive conduct and minority shareholder oppression engaged in by the CHAN family.  The oppressive majority shareholders' conduct by the CHAN family substantially defeats the oppressed minority shareholders' expectations that when objectively viewed, were both reasonable under the circumstances and central to the oppressed minority shareholders, including Intervenors. The oppressed minority shareholders, including Intervenors, reasonably believed that they would receive dividends proportionate to the amount paid to the majority shareholders, but instead the majority shareholders have looted and continue to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., of its net worth to the exclusion of the minority shareholders Intervenors.

41.     In the alternative, the oppressive conduct of the majority shareholders, Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, and the shareholder oppression of the minority shareholders (Intervenors), is burdensome, harsh and/or wrongful conduct with a lack of probity and fair dealing in Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs.  This conduct prejudices the oppressed minority shareholder members and/or such conduct is a visible departure from the standards of fair dealings and a violation of fair play on which each minority shareholder is entitled to rely.

42.     As a remedy for the oppressive conduct of Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, the oppressed minority and Intervenors, are entitled to dividends to even up the situation, an order requiring future even dividends and/or future fair dividends, and an order requiring the Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the

13

Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., Intervenors, shares at a fair price.

## CONSTRUCTIVE TRUST

43.    All facts pleaded in paragraph E above are incorporated herein by reference.

44.    Because the CHAN family has taken more than its fair share of dividends by way of looting Third Party Defendant, DYNACQ HEALTHCARE, INC., thereby breaching their fiduciary duties and committing shareholder oppression/oppressive conduct against the minority shareholders, Intervenors, in equity, the oppressed minority shareholders, Intervenors, Eric G. Carter, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan, are entitled to the imposition of a constructive trust on the proceeds of the looting which are in the hands of the CHAN family and/or a constructive trust on a proportionate amount of cash and assets of Third Party Defendant, DYNACQ HEALTHCARE, INC., to even things up.

## FRAUD/FRAUDULENT INDUCEMENT/FRAUDULENT INDUCEMENT OF INVESTMENT

45.    All facts pleaded in paragraph E. above are incorporated herein by reference.

46.    CHIU MOON CHAN, prior to his death, as well as other officers and representatives of DYNACQ HEALTHCARE, INC., made repeated false representations to ERIC G. CARTER as outlined in the preceding sections. Since the death of CHIU MOON CHAN, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, have endeavored to perpetrate the frauds of CHIU MOON CHAN through an elaborate cover-up of expenditures, doctoring the corporate books, and carving out those parties which might stand in their way of doing

14

the same. Specifically, the CHANs have formed a supermajority for the purpose of passing any corporate resolution they see fit, including but not limited to dissolving the Board of Directors, executing self-serving contracts, and seizing control of the auditing committee.

47.     Prior to his death, CHIU MOON CHAN and other representatives of DYNACQ HEALTHCARE, INC. continually made repeated false representations to ERIC G. CARTER that DYNACQ HEALTHCARE, INC., through the actions of their officers, agents and employees, was operating within legal bounds, not violating the laws of any jurisdiction, and otherwise making legitimate efforts to maintain and later to rebuild the hospital business that once thrived. This turned out to be false, misleading, and/or otherwise untrue, as it was later learned that CHIU MOON CHAN, with the assistance of at least one other officer or employee of DYNACQ HEALTHCARE, INC. (and/or Dynacq related companies) was, over a period of several years, unlawfully spending monies which were not for the benefit of DYNACQ HEALTHCARE, INC. Upon information and belief, this $7.8 million dollar expenditure was actually a dividend payment made for the benefit of CHIU MOON CHAN'S family, directly.

48.     Based on these Mr. Chiu Chan's false representations, and relying on them to his detriment, ERIC G. CARTER continued to invest his money into the DYNACQ HEALTHCARE, INC. business through the purchase of shares of stock on the open market. Eric G. Carter knew the investment was risky buy never knew that Mr. Chiu Chan and his fellow conspirators were stealing money and not recognizing the stock dividends from the company. The stock purchases began in 1999 and purchases were made as late as July 2012, approximately one week before he learned of the complex series of transactions that covered up the Chan thefts of corporate funds.

49.     As outlined above, based on the false representations made by CHIU MOON CHAN and others with DYNACQ HEALTHCARE, INC., ERIC G. CARTER invested heavily in the stock market of DYANCQ HEALTHCARE, INC. The stock purchased by ERIC G. CARTER was thereafter rendered valueless as a result of the continued looting of DYNACQ by the CHAN family. These actions give to causes of action for common-law and statutory fraud claims, as well as a claim for fraudulent inducement.

## NEGLIGENT MISREPRESENTATION

50.     All facts pleaded in paragraph E above are incorporated herein by reference.

51.     CHIU MOON CHAN, prior to his death, as well as other officers and representatives of DYNACQ HEALTHCARE, INC., made repeated false representations to ERIC G. CARTER as outlined in the preceding sections. To the extent that CHIU MOON CHAN and DYNACQ HEALTHCARE, INC.'s employees/officers supplied these representations for the guidance of ERIC G. CARTER without exercising reasonable care or competence in obtaining or communicating the information, ERIC G. CARTER asserts a claim for negligent misrepresentation.

52.     As outlined above, based on the false representations made by CHIU MOON CHAN and others with DYNACQ HEALTHCARE, INC., ERIC G. CARTER justifiably relied on these representations by purchasing stock in DYANCQ HEALTHCARE, INC. The stock purchased by ERIC G. CARTER was thereafter rendered valueless as a result of the continued looting of DYNACQ by the CHAN family.

## CONSPIRACY/CONSPIRACY TO COMMIT FRAUD

53.     All facts pleaded in paragraph E above are incorporated herein by reference.

16

54.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., have conspired with each other to commit breach of fiduciary duty and shareholder oppression/oppressive conduct on the minority shareholders and Intervenors.  These parties have also conspired to fraudulently induce CARTER as described above, as well as commit or conceal fraud as outlined above. This agreement was in place at all times relevant to this lawsuit and continues to this day as the looting of Third Party Defendant, DYNACQ HEALTHCARE, INC. continues.

55.     The common questions of law or fact are as presented in paragraph E above.

### F.  Agency

56.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., all did the acts complained of in this lawsuit on their own account and/or in the alternative as agents of each other.

### G.  Damages

57.     Intervenors are entitled to their damages as prayed for in their Prayer, all of which are part and/or parcel to the recovery and causes of action against ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.

### H. Attorney's Fees

58.     The filing of this original petition in intervention and the conduct of Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, INDIVIDUALLY, ERIC K. CHAN,

17

and DYNACQ HEALTHCARE, INC., has necessitated that Intervenors hire the undersigned attorneys.  The attorney's fees for these attorneys are pleaded for and recoverable both according to statute and as a damage caused by Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, INDIVIDUALLY, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.

## I. Request for Disclosure

59.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Counter-Defendants/Third-Party Defendants are requested to disclose, within thirty (30) days of this request, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f), (g), (h), (i), and (l).

## J. Conditions Precedent

60.     All conditions precedent to Intervenors claims for relief have been performed or have occurred.

## K. Jury Demand

61.     CARTER hereby respectfully demands a jury trial.

## L.  Prayer

WHEREFORE, PREMISES CONSIDERED, Intervenors, Eric G. Carter, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan pray that Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., be cited to appear and answer, and that on final trial, Intervenors have the following:

   a.     Judgment against Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., for all allowable damages in an amount within the jurisdictional limits of this Court;

18

b.      Fair proportionate dividends to even up the situation;

c.      Fair proportionate dividends in the future;

d.      An appraisal and buyout of shares;

e.      Lost profits;

f.      Prejudgment interest as provided by law;

g.      Postjudgment interest as provided by law;

h.      Costs of suit;

i.      Punitive damages;

j.      Disgorgement of profits by Defendants; and

k.      Such other and further relief, both general and special, to which Intervenors may be justly entitled.

Respectfully submitted,

BY:   /s/ Ronald C. Campana
        RONALD C. CAMPANA
        SBN:  03692600
        6363 Woodway, Suite 725
        Houston, Texas 77057-1714
        Tel: (713) 783-4120
        Fax: (713) 783-8812

        ERIC WILLIAM CARTER
        SBN: 24057797
        **THE CARTER LAW FIRM**
        1811 Southmore Blvd
        Houston, Texas 77004
        Tel: (713) 227-0042
        Fax: (713) 227-7001
**ATTORNEYS FOR PLAINTIFF:
ERIC G. CARTER, INDIVIDUALLY AND AS
TRUSTEE OF THE ERIC G. CARTER
PENSION AND PROFIT SHARING PLAN**

19

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *First Amended Petition in Intervention of Eric G. Carter* has been served on all counsel of record, by hand delivery, facsimile transmittal, U.S. First Class Mail and/or certified mail, return receipt requested, email or electronic service on this the 1st day of December, 2014.

          /s/ Eric William Carter
          **Eric William Carter**

***Attorney for Ella Y.T.C. Chan, Individually and as Executrix of the Estate of Chiu Moon Chan, Deceased, Eric K. Chan, and Dynacq Healthcare, Inc.:***
Michael J. Stanley
Stanley, Frank & Rose, LLP
7026 Old Katy Road, Suite 259
Houston, Texas 77024
Tel: (713) 980-4381
Fax: (713) 980-1179
***Via Fax & Via Electronic Service***

20

1/7/2015 5:33:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 3689319
By: Euniecy Gentry
Filed: 1/7/2015 5:33:28 PM

CAUSE NO. 2013-31012

| | | |
|---|---|---|
| ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiff/Counter-Defendant* | § § | |
| vs. | § § | |
| PING SUN CHU, M.D., | § § | |
| *Defendant/Counter-Plaintiff/ Third Party Plaintiff* | § § | HARRIS COUNTY, T E X A S |
| vs. | § § | |
| ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., | § § § § | |
| *Third Party Defendants* | § | 333RD JUDICIAL DISTRICT |

**SECOND AMENDED PETITION IN INTERVENTION OF ERIC G. CARTER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ERIC G. CARTER, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan, Intervenors herein, and file this Second Amended Petition in Intervention, as party-plaintiff, and for good cause would respectfully show this Court as follows:

**A. Parties**

1.      Intervenor, ERIC G. CARTER, is a natural person and a resident of Harris County, Texas.

2.      Intervenor, ERIC G. CARTER, Trustee, is Trustee of the Eric G. Carter Pension and Profit Sharing Plan.

3.      Intervenor, NORA BUMPUS, is a natural person and a resident of Harris County, Texas and has appeared in this case.

EXHIBIT
4-f

4.      Intervenor, JAMES G. GERACE, is a natural person and a resident of Harris County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants, and been nonsuited from this case.

5.      Intervenor, JOHN C. MEADORS, is a natural person and a resident of Gillespie County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants, and been nonsuited from this case.

6.      Intervenor, JOHN P. THOMPSON, is a natural person and a resident of Galveston County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants, and been nonsuited from this case.

7.      Intervenor, BING LUN CHU, is a natural person and a resident of Travis County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants, and been nonsuited from this case.

8.      Intervenor, BING WOON CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants, and been nonsuited from this case.

9.      Intervenor, KATHERINE KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case. This individual has since settled her claims with Defendants, and been nonsuited from this case.

10.     Intervenor, SARA KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case. This individual has since settled her claims with Defendants, and been nonsuited from this case.

2

11.     Intervenor, BICK FUN WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants, and been nonsuited from this case.

12.     Intervenor, TIN CHEE WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case. This individual has since settled her claims with Defendants, and been nonsuited from this case.

13.     Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, is an individual and a resident of the State of Texas and has previously appeared in this case.

14.     Third Party Defendant, ELLA Y.T.C. CHAN, Individually, is a natural person and a resident of the State of Texas. Third Party Defendant, ELLA Y.T.C. CHAN, Individually, resides in Houston, Harris County, Texas and has previously appeared in this case.

15.     Third Party Defendant, ERIC K. CHAN, is a natural person and a resident of the State of Texas. Third Party Defendant, ERIC K. CHAN, resides in Houston, Harris County, Texas and has previously appeared in this case.

16.     Third Party Defendant, DYNACQ HEALTHCARE, INC. is a foreign corporation organized under the laws of the State of Nevada that is authorized to do business in the State of Texas and is doing business in the State of Texas with its principal place of business at 4301 Vista Road, Pasadena, Texas 77504.  DYNACQ HEALTHCARE, INC. has previously appeared in this case.

**B.  The Original Lawsuit, Counter-Claim, and Third Party Petition**

17.     On May 23, 2013, Plaintiff, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, sued Defendant, PING SUN CHU, M.D., for conversion.  Defendant,

3

PING SUN CHU, M.D., filed:  a) an answer asserting a general denial and the affirmative defenses of Statute of Limitations, laches, and fraud; b) a counter-claim against ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, breach of contract, and conspiracy; and c) a third party petition against ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, and conspiracy.

### C.  Venue

18.      Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

19.      Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2) because Third Party Defendants, ERIC K. CHAN, a natural person, and ELLA Y.T.C. CHAN, a natural person, were residents of Harris County, Texas at the time this cause of action accrued.

20.      Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) because Third Party Defendant, DYNACQ HEALTHCARE, INC.'s principal office is located at 4301 Vista Road, Pasadena, Texas 77504.

21.      All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

4

### D.  Jurisdiction

22.     The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimal jurisdictional limits.

23.     The Court has jurisdiction over Third Party Defendant, DYNACQ HEALTHCARE, INC., because Third Party Defendant, DYNACQ HEALTHCARE, INC., purposely availed itself of the privilege and benefits of conducting business in Texas by maintaining its principal place of business at 4301 Vista Road, Pasadena, Harris County, Texas 77504, and by engaging in business in Texas and committing torts, which are the subject of this suit, in whole or in part in Texas.

24.     All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

25.     The Court has jurisdiction over Third Party Defendant, ERIC K. CHAN, because he is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 3836 Oberlin St., Houston, Texas 77005, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

26.     The Court has jurisdiction over Third Party Defendant, ELLA Y.T.C. CHAN, Individually, because she is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

27.     The Court has jurisdiction over Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, because she is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

5

### E.  Facts

28.     Third Party Defendant, DYNACQ HEALTHCARE, INC. is a small, publicly traded company.  For many years, CHIU MOON CHAN, Deceased, was the Chief Executive Officer and majority shareholder of Third Party Defendant, DYNACQ HEALTHCARE, INC., and conducted his business and maintained his principal place of business and his residence in Harris County, Texas.  Third Party Defendant, DYNACQ HEALTHCARE, INC. operated small specialty hospitals in Pasadena, Texas and Garland, Texas.  The Garland, Texas facility is no longer operating and the property has been sold.  The Pasadena, Texas facility continues in operation.  For many years, CHIU MOON CHAN, Deceased, and his wife, ELLA Y.T.C. CHAN, Third Party Defendant, were majority shareholders of Third Party Defendant, DYNACQ HEALTHCARE, INC., holding the shares as community property, and they conducted their business and maintained their principal place of business and their residence in Harris County, Texas.  CHIU MOON CHAN, Deceased, took ill in January, 2012, and died in May, 2012.  Prior to his death, CHIU MOON CHAN, Deceased, Third Party Defendant, ELLA Y.T.C. CHAN, and their son, Third Party Defendant, ERIC K. CHAN, operated Third Party Defendant, DYNACQ HEALTHCARE, INC., in Harris County, Texas as their personal family piggy bank.  A recent so-called "internal investigation" commissioned by Third Party Defendant, DYNACQ HEALTHCARE, INC., and the CHAN family after CHIU MOON CHAN's death has resulted in a disclosure by Third Party Defendant, DYNACQ HEALTHCARE, INC., that at least $7.8 Million has been spent by Third Party Defendant, DYNACQ HEALTHCARE, INC., on items for which the company got no benefit.  This money was spent by Third Party Defendant, DYNACQ HEALTHCARE, INC.'s former Chief Executive Officer, CHIU MOON CHAN, Deceased, by overriding internal controls so that this money could be spent at the whim and for the personal benefit

6

of the CHAN family to the exclusion of other oppressed minority shareholders.  During this period of time when the CHAN family received at least $7.8 Million in dividends, the other minority shareholders did not receive any dividends.  To put this into perspective, according to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s consolidated statements of operation for the years ended August 31, 2008, August 31, 2011, and August 31, 2012, Third Party Defendant, DYNACQ HEALTHCARE, INC., lost approximately $21 Million in 2011 and approximately $12 Million in 2012.  Third Party Defendant, DYNACQ HEALTHCARE, INC.'s total equity has dwindled from approximately $67 Million at August 31, 2008, down to approximately $30.7 Million at August 31, 2012.  In addition to this, Third Party Defendant, DYNACQ HEALTHCARE, INC.'s share price has dwindled from a ten year high of approximately $27.00 to below one cent.  Third Party Defendant, DYNACQ HEALTHCARE, INC. was kicked off the NASDAQ and now trades at times for one penny or less per share over the counter.  Despite the $30 Million in equity on Third Party Defendant, DYNACQ HEALTHCARE, INC.'s balance sheet, no one wants to pay even one cent for any of the approximately 14 Million shares of stock outstanding because the market has figured out that the CHAN family intends to bleed the company dry and keep everything for themselves to the exclusion of the minority shareholders.  After CHIU MOON CHAN's death in May, 2012, his son, Third Party Defendant, ERIC K. CHAN, succeeded him as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC.  Whereupon Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and her son, Third Party Defendant, ERIC K. CHAN, conspired to continue looting Third Party Defendant, DYNACQ HEALTHCARE, INC., even after the family's plan to use Third Party Defendant, DYNACQ HEALTHCARE, INC., as its personal family piggy bank was discovered by the then Board

of Directors.  Third Party Defendant, ERIC K. CHAN, in agreement with and at the instructions of his mother, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, (with combined ownership of approximately 60% of the outstanding common stock) gathered a super-majority of 66% and fired the Board of Directors that had inquired about the looting of Third Party Defendant, DYNACQ HEALTHCARE, INC., by the CHAN family.  Third Party Defendant, ELLA Y.T.C. CHAN, and Third Party Defendant, ERIC K. CHAN, installed Third Party Defendant, ERIC K. CHAN, as a one-man Board and a one-man Audit Committee doing all of his activities at the direction of his mother, ELLA Y.T.C. CHAN, acting in her individual capacity and in her capacity as Personal Representative of the Estate of CHIU MOON CHAN, Deceased.  The fox is now guarding the hen house as the CHAN family continues to oppress the minority shareholders by a malicious oppression of dividends to the minority with continued excessive payments to the majority.  There is a concentrated attempt on behalf of the CHAN family to deprive Intervenors of the fair market value of their shares and to suppress fair dividends to the minority until the entire wealth of Third Party Defendant, DYNACQ HEALTHCARE, INC. has been looted by the CHAN family.  Third Party Defendant, DYNACQ HEALTHCARE, INC. has only one class of shares and oppressed minority shareholders, Intervenors, are just as much entitled to dividends as the majority shareholders.  In addition to the $7.8 Million the CHANs admit was sucked out as dividends for their sole benefit to the exclusion of the oppressed minority shareholders, as the majority shareholder, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, individually and in his capacity as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., sucked out

approximately at least an additional total of $3.15 Million during the disastrous fiscal years ending August 31, 2011, and August 31, 2012, as follows:

- $1.3 Million as "executive compensation";

- Other immediate family members of the CHANs received compensation of approximately an additional $750,000.00 from Third Party Defendant, DYNACQ HEALTHCARE, INC., during that time period (although they apparently did no worthwhile work); and

- Third Party Defendant, DYNACQ HEALTHCARE, INC. paid other companies owned by the CHAN family over $1.1 Million on "contracts".

29.     *The looting of Third Party Defendant, DYNACQ HEALTHCARE, INC. continues to this day.* Third Party Defendant, DYNACQ HEALTHCARE, INC., has sold its Garland, Texas facility, in a "sweetheart deal" at over a two-thirds discount (an eight figure amount) from its appraised value to have more cash to pay to the CHAN family for the continued looting of Third Party Defendant, DYNACQ HEALTHCARE, INC.

30.     After the death of his father, CHIU MOON CHAN, Third Party Defendant, ERIC K. CHAN, and his mother, Third Party Defendant, ELLA Y.T.C. CHAN, attempted to obtain a $1 Million payment from Third Party Defendant, DYNACQ HEALTHCARE, INC., for his mother, Third Party Defendant, ELLA Y.T.C. CHAN, to the exclusion of the minority shareholders, including Intervenors. When their efforts failed, Third Party Defendant, ERIC K. CHAN, and his mother, Third Party Defendant, ELLA Y.T.C. CHAN, hatched a plan to fire the independent members of the Board so they could continue looting Third Party Defendant, DYNACQ HEALTHCARE, INC.

9

31.     Prior to his death, CHIU MOON CHAN and other representatives of DYNACQ HEALTHCARE, INC. continually made repeated false representations to ERIC G. CARTER that DYNACQ HEALTHCARE, INC., through the actions of their officers, agents and employees, was operating within legal bounds, not violating the laws of any jurisdiction, and otherwise making legitimate efforts to maintain and later to rebuild the hospital business that once thrived. This turned out to be false, misleading, and/or otherwise untrue, as it was later learned that CHIU MOON CHAN, with the assistance of at least one other officer or employee of DYNACQ HEALTHCARE, INC. (and/or Dynacq related companies) was, over a period of several years, unlawfully spending monies which were not for the benefit of DYNACQ HEALTHCARE, INC. Upon information and belief, this $7.8 million dollar expenditure was actually a dividend payment made for the benefit of CHIU MOON CHAN'S family, directly.

32.     Based on Mr. Chiu Chan's false representations, and relying on them to his detriment, ERIC G. CARTER continued to invest his money into the DYNACQ HEALTHCARE, INC. business through the purchase of shares of stock on the open market. Eric G. Carter knew the investment was risky but never knew that Mr. Chiu Chan and his fellow conspirators were stealing money and not recognizing the stock dividends from the company. The stock purchases began in 1999 and purchases were made as late as July, 2012, approximately one week before he learned of the complex series of transactions that covered up the Chan thefts of corporate funds.

33.     Prior to this filing, Eric G. Carter's Amended Petition in Intervention, other minority shareholders including JAMES G. GERACE, JOHN C. MEADORS, JOHN P. (PAUL) THOMPSON, BING LUN CHU, BING WOON CHU, KATHERINE KIM CHU, SARA KIM CHU, BICK FUN WONG, and TIN CHEE WONG and DR. KELLY LARKIN, have come forward and intervened in

10

this cause, seeking relief hereunder. Similarly, Eric G. Carter, Individually and as Trustee, now seek relief for those acts described herein.

## BREACH OF FIDUCIARY DUTY

34.     All facts pleaded in paragraph E. above are incorporated herein by reference.

35.     The majority shareholders, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, dominate control over the business of Third Party Defendant, DYNACQ HEALTHCARE, INC., such that they have created a fiduciary duty in themselves to the minority shareholders who they are oppressing, including Eric G. Carter, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan.

36.     The CHANs have complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., to the extent that prior to the death of CHIU MOON CHAN, the majority shareholder, CHIU MOON CHAN as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., overrode the internal controls of Third Party Defendant, DYNACQ HEALTHCARE, INC., and conspired with his Chief Financial Officer to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., by paying dividends to himself and oppressed the minority shareholders by paying them no dividends.  Thus, CHIU MOON CHAN exercised complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., by bypassing Third Party Defendant, DYNACQ HEALTHCARE, INC.'s internal controls and acting on his whim without the knowledge of the Board of Directors.  Third Party Defendants, ERIC K. CHAN and ELLA Y.T.C. CHAN, have continued to dominate and control Third Party Defendant, DYNACQ HEALTHCARE, INC., in an oppressive manner to the exclusion of the minority

11

shareholders by terminating the Board of Directors and operating Third Party Defendant, DYNACQ HEALTHCARE, INC., at their whim by appointing Third Party Defendant, ERIC K. CHAN, as a one-man Board and one-man Auditing Committee. They have conspired with Phillip Chan to seize absolute control of Dynacq by agreeing to form a super majority of stock holders and thereby eliminate any other shareholder involvement.  Although Phillip Chan was a co-conspirator of Chiu Moon Chan he has been effectively released from any obligations to Dynacq through a sham Lawsuit styled, Cause No. 2013-28331, *Dynacq Healthcare, Inc. vs. Phillip Chan*; In the 270th Judicial District, Harris County, Texas. Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually and ERIC K. CHAN have conspired to deny Dynacq Healthcare, Inc. and its shareholders any recovery from both the Estate of Chiu Moon Chan and Philip Chan in violation of the Texas Fraudulent Transfer Act.

37.     Ella Y.T.C. Chan and Eric K. Chan have engaged in wrongful conduct and a lack of fair dealing with regard to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs to the prejudice of the oppressed minority shareholders sufficient enough to operate as a breach of fiduciary duty by way of oppressive conduct.

38.     Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC. breached their fiduciary duty to Intervenors by denying Intervenors' fair share of dividends and by running their stock price into the ground, further denying them the fair value of their stock.  Intervenors' injuries resulted from Counter-Defendant's, ELLA Y.T.C. CHAN's, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants', ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE,

12

INC.'s intentional acts, which entitled Intervenors to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a).

## SHAREHOLDER OPPRESSION/OPPRESSIVE CONDUCT

39.     All facts pleaded in paragraph E above are incorporated herein by reference.

40.     Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, (the CHANs) have looted and continue to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., through their oppressive conduct and shareholder oppression.  Third Party Defendant, DYNACQ HEALTHCARE, INC. is nothing but a tool in the continued oppressive conduct and minority shareholder oppression engaged in by the CHAN family.  The oppressive majority shareholders' conduct by the CHAN family substantially defeats the oppressed minority shareholders' expectations that when objectively viewed, were both reasonable under the circumstances and central to the oppressed minority shareholders, including Intervenors. The oppressed minority shareholders, including Intervenors, reasonably believed that they would receive dividends proportionate to the amount paid to the majority shareholders, but instead the majority shareholders have looted and continue to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., of its net worth to the exclusion of the minority shareholders Intervenors.

41.     In the alternative, the oppressive conduct of the majority shareholders, Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, and the shareholder oppression of the minority shareholders (Intervenors), is burdensome, harsh and/or wrongful conduct with a lack of probity and fair dealing in Third Party Defendant, DYNACQ HEALTHCARE, INC.'s

13

affairs. This conduct prejudices the oppressed minority shareholder members and/or such conduct is a visible departure from the standards of fair dealings and a violation of fair play on which each minority shareholder is entitled to rely.

42.     As a remedy for the oppressive conduct of Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, the oppressed minority and Intervenors, are entitled to dividends to even up the situation, an order requiring future even dividends and/or future fair dividends, and an order requiring the Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., Intervenors, shares at a fair price.

## CONSTRUCTIVE TRUST

43.     All facts pleaded in paragraph E above are incorporated herein by reference.

14

44.     Because the CHAN family has taken more than its fair share of dividends by way of looting Third Party Defendant, DYNACQ HEALTHCARE, INC., thereby breaching their fiduciary duties and committing shareholder oppression/oppressive conduct against the minority shareholders, Intervenors, in equity, the oppressed minority shareholders, Intervenors, Eric G. Carter, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan, are entitled to the imposition of a constructive trust on the proceeds of the looting which are in the hands of the CHAN family and/or a constructive trust on a proportionate amount of cash and assets of Third Party Defendant, DYNACQ HEALTHCARE, INC., to even things up.

### FRAUD/FRAUDULENT INDUCEMENT/FRAUDULENT INDUCEMENT OF INVESTMENT/FRAUD BY NONDISCLOSURE

45.     All facts pleaded in paragraph E. above are incorporated herein by reference.

46.     CHIU MOON CHAN, prior to his death, as well as other officers and representatives of DYNACQ HEALTHCARE, INC., made repeated false representations to ERIC G. CARTER as outlined in the preceding sections. Since the death of CHIU MOON CHAN, Third Party Defendant and Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, have endeavored to perpetrate the frauds of CHIU MOON CHAN through an elaborate cover-up of expenditures, doctoring the corporate books, and carving out those parties which might stand in their way of doing the same. Specifically, the CHANs have formed a supermajority for the purpose of passing any corporate resolution they see fit, including but not limited to dissolving the Board of Directors, executing self-serving contracts, and seizing control of the auditing committee.

15

Case 4:15-cv-00391   Document 1-4   Filed in TXSD on 02/11/15   Page 77 of 107

47.     Prior to his death, CHIU MOON CHAN and other representatives of DYNACQ HEALTHCARE, INC. continually made repeated false representations to ERIC G. CARTER that DYNACQ HEALTHCARE, INC., through the actions of their officers, agents and employees, was operating within legal bounds, not violating the laws of any jurisdiction, and otherwise making legitimate efforts to maintain and later to rebuild the hospital business that once thrived. This turned out to be false, misleading, and/or otherwise untrue, as it was later learned that CHIU MOON CHAN, with the assistance of at least one other officer or employee of DYNACQ HEALTHCARE, INC. (and/or Dynacq related companies) was, over a period of several years, unlawfully spending monies which were not for the benefit of DYNACQ HEALTHCARE, INC. Upon information and belief, this $7.8 million dollar expenditure was actually a dividend payment made for the benefit of CHIU MOON CHAN'S family, directly. These acts and omissions were not disclosed to ERIC G. CARTER.

48.     Based on these Mr. Chiu Chan's false representations and/or nondisclosures, and relying on them to his detriment, ERIC G. CARTER continued to invest his money into the DYNACQ HEALTHCARE, INC. business through the purchase of shares of stock on the open market. Eric G. Carter knew the investment was risky buy never knew that Mr. Chiu Chan and his fellow conspirators were stealing money and not recognizing the stock dividends from the company. The stock purchases began in 1999 and purchases were made as late as July 2012, approximately one week before he learned of the complex series of transactions that covered up the Chan thefts of corporate funds.

49.     As outlined above, based on the false representations and/or nondisclosures made by CHIU MOON CHAN and others with DYNACQ HEALTHCARE, INC., ERIC G. CARTER invested heavily in the stock market of DYANCQ HEALTHCARE, INC. The stock purchased by ERIC G. CARTER was thereafter rendered valueless as a result of the continued looting of DYNACQ

by the CHAN family. These actions give to causes of action for common-law and statutory fraud claims, as well as a claim for fraudulent inducement.

## NEGLIGENT MISREPRESENTATION

50.     All facts pleaded in paragraph E above are incorporated herein by reference.

51.     CHIU MOON CHAN, prior to his death, as well as other officers and representatives of DYNACQ HEALTHCARE, INC., made repeated false representations to ERIC G. CARTER as outlined in the preceding sections. To the extent that CHIU MOON CHAN and DYNACQ HEALTHCARE, INC.'s employees/officers supplied these representations for the guidance of ERIC G. CARTER without exercising reasonable care or competence in obtaining or communicating the information, ERIC G. CARTER asserts a claim for negligent misrepresentation.

52.     As outlined above, based on the false representations made by CHIU MOON CHAN and others with DYNACQ HEALTHCARE, INC., ERIC G. CARTER justifiably relied on these representations by purchasing stock in DYNACQ HEALTHCARE, INC. The stock purchased by ERIC G. CARTER was thereafter rendered valueless as a result of the continued looting of DYNACQ by the CHAN family.

## CONSPIRACY/CONSPIRACY TO COMMIT FRAUD

53.     All facts pleaded in paragraph E above are incorporated herein by reference.

54.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., have conspired with each other to commit breach of fiduciary duty and shareholder oppression/oppressive conduct on the minority shareholders and Intervenors.  These parties have also conspired to commit fraud and/or fraudulently induce CARTER

17

as described above, as well as commit or conceal fraud as outlined above. This agreement was in place at all times relevant to this lawsuit and continues to this day as the looting of Third Party Defendant, DYNACQ HEALTHCARE, INC. continues.

55.     The common questions of law or fact are as presented in paragraph E above.

## NEGLIGENCE PER SE

56.     All facts pleaded in paragraph E above are incorporated herein by reference.

57.     CHIU MOON CHAN, prior to his death, as well as other officers and representatives of DYNACQ HEALTHCARE, INC., violated numerous Texas, Nevada, and Federal laws which qualify as "negligence per se". ERIC G. CARTER is a person these aforementioned statutes are designed to protect, and his injuries are of the type the statute was designed to prevent. The statutes are ones for which tort liability may be imposed when violated, and the Defendants violated them without excuse. These acts or omissions proximately caused Eric G. Carter's injury.

58.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., have also conspired to conceal the violations described above. This agreement was in place at all times relevant to this lawsuit and continues to this day as the looting of Third Party Defendant, DYNACQ HEALTHCARE, INC. continues.

59.     The common questions of law or fact are as presented in paragraph E above.

## F.  Agency

60.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K.

18

CHAN, and DYNACQ HEALTHCARE, INC., all did the acts complained of in this lawsuit on their own account and/or in the alternative as agents of each other.

### G.  Damages

61.     Intervenors are entitled to their damages as prayed for in their Prayer, all of which are part and/or parcel to the recovery and causes of action against ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.

### H. Attorney's Fees

62.     The filing of this petition in intervention and the conduct of Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, INDIVIDUALLY, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., has necessitated that Intervenors hire the undersigned attorneys.  The attorney's fees for these attorneys are pleaded for and recoverable both according to statute and as a damage caused by Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, INDIVIDUALLY, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC.

### I. Request for Disclosure

63.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Counter-Defendants/Third-Party Defendants are requested to disclose, within thirty (30) days of this request, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f), (g), (h), (i), and (l).

### J. Conditions Precedent

64.     All conditions precedent to Intervenors claims for relief have been performed or have occurred.

19

**K. Jury Demand**

65.      CARTER hereby respectfully demands a jury trial.

**L.  Prayer**

WHEREFORE, PREMISES CONSIDERED, Intervenors, Eric G. Carter, Individually and as

Trustee of the Eric G. Carter Pension and Profit Sharing Plan pray that Counter-Defendant, ELLA

Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, and Third Party

Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE,

INC., be cited to appear and answer, and that on final trial, Intervenors have the following:

a.      Judgment against Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., for all allowable damages in an amount within the jurisdictional limits of this Court;

b.      Fair proportionate dividends to even up the situation;

c.      Fair proportionate dividends in the future;

d.      An appraisal and buyout of shares;

e.      Lost profits;

f.      Prejudgment interest as provided by law;

g.      Postjudgment interest as provided by law;

h.      Costs of suit;

i.      Punitive damages within the discretion of the trier of fact;

j.      Disgorgement of profits by Defendants; and

k.      Such other and further relief, both general and special, to which Intervenors may be justly entitled.

Respectfully submitted,

20

THE CARTER LAW FIRM

BY: ___/s/ Eric G. Carter_____
      ERIC G. CARTER
      SBN: 03914500
      Email: ecarter@carter-lawfirm.com
      ERIC WILLIAM CARTER
      SBN: 24057797
      Email: ewcarter@carter-lawfirm.com
      1811 Southmore Blvd.
      Houston, Texas 77004
      Tel: (713) 227-0042
      Fax: (713) 227-7001

      -AND-

      RONALD C. CAMPANA
      SBN: 03692600
      Email: roncampana@gmail.com
      6363 Woodway, Suite 725
      Houston, Texas 77057-1714
      Tel: (713) 783-4120
      Fax: (713) 783-8812

**ATTORNEY FOR INTERVENORS:
ERIC G. CARTER, INDIVIDUALLY AND AS
TRUSTEE OF THE ERIC G. CARTER
PENSION AND PROFIT SHARING PLAN,
AND NORA BUMPUS**

21

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *Second Amended Petition in Intervention of Eric G. Carter* has been served on all counsel of record, by hand delivery, facsimile transmittal, U.S. First Class Mail and/or certified mail, return receipt requested, email or electronic service on this the 7th day of January, 2015.

_____/s/ Eric William Carter_____

**Eric William Carter**

***Attorney for Ella Y.T.C. Chan, Individually and as Executrix of the Estate of Chiu Moon Chan, Deceased, Eric K. Chan, and Dynacq Healthcare, Inc.:***

Michael J. Stanley
Brian Tagtmeier
Stanley, Frank & Rose, LLP
7026 Old Katy Road, Suite 259
Houston, Texas 77024
Tel: (713) 980-4381
Fax: (713) 980-1179
***Via Fax & Via Electronic Service***

22

2/6/2015 6:17:16 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4063481
By: BERNADETTE LYNCH
Filed: 2/6/2015 6:17:16 PM

CAUSE NO. 2013-31012

| | | |
|---|---|---|
| ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff/Counter-Defendant* | § § | |
| vs. | § § | |
| PING SUN CHU, M.D., | § | |
| *Defendant/Counter-Plaintiff/ Third Party Plaintiff* | § § | HARRIS COUNTY, T E X A S |
| vs. | § § | |
| ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., | § § § | |
| *Third Party Defendants* | § | 333RD JUDICIAL DISTRICT |

## THIRD AMENDED PETITION IN INTERVENTION OF ERIC G. CARTER AND NORA BUMPUS

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW ERIC G. CARTER, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan and NORA BUMPUS (hereinafter jointly referred to as "Intervenors") and file this Third Amended Petition in Intervention, as party-plaintiffs, bring this action complaining of ELLA Y.T.C. CHAN, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF CHIU MOON CHAN, DECEASED, ERIC K. CHAN, AND DYNACQ HEALTHCARE, INC. (hereinafter jointly referred to as "Defendants") and for good cause would respectfully show unto the Court the Following:

### A. PARTIES

1.      Intervenor, ERIC G. CARTER, is a natural person and a resident of Harris County, Texas.

1

Certified Document Number: 64151855 - Page 1 of 23

EXHIBIT
4-f

2.      Intervenor, ERIC G. CARTER, Trustee, is Trustee of the Eric G. Carter Pension and Profit Sharing Plan.

3.      Intervenor, NORA BUMPUS[1], is a natural person and a resident of Harris County, Texas and has appeared in this case.

4.      Intervenor, JAMES G. GERACE, is a natural person and a resident of Harris County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants and been nonsuited from this case.

5.      Intervenor, JOHN C. MEADORS, is a natural person and a resident of Gillespie County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants and been nonsuited from this case.

6.      Intervenor, JOHN P. THOMPSON, is a natural person and a resident of Galveston County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants and been nonsuited from this case.

7.      Intervenor, BING LUN CHU, is a natural person and a resident of Travis County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants and been nonsuited from this case.

8.      Intervenor, BING WOON CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants and been nonsuited from this case.

[1] This is the first amended pleading filed on behalf of Nora Bumpus, individually. However, to reduce confusion regarding the outstanding claims asserted by each remaining intervenor, Nora Bumps is included under this filing, entitled "Third Amended Petition in Intervention".

2

9.      Intervenor, KATHERINE KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case. This individual has since settled her claims with Defendants and been nonsuited from this case.

10.     Intervenor, SARA KIM CHU, is a natural person and a resident of Harris County, Texas and has previously appeared in this case. This individual has since settled her claims with Defendants and been nonsuited from this case.

11.     Intervenor, BICK FUN WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case. This individual has since settled his claims with Defendants and been nonsuited from this case.

12.     Intervenor, TIN CHEE WONG, is a natural person and a resident of Williamson County, Texas and has previously appeared in this case. This individual has since settled her claims with Defendants and been nonsuited from this case.

13.     Intervenor, KELLY LARKIN, M.D., is a natural person and a resident of Harris County, Texas and has previously appeared in this case. This individual has since settled her claims with Defendants and been nonsuited from this case.

14.     Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, is an individual and a resident of the State of Texas and has previously appeared in this case.

15.     Third Party Defendant, ELLA Y.T.C. CHAN, Individually, is a natural person and a resident of the State of Texas. Third Party Defendant, ELLA Y.T.C. CHAN, Individually, resides in Houston, Harris County, Texas and has previously appeared in this case.

Certified Document Number: 64151855 - Page 3 of 23

16.     Third Party Defendant, ERIC K. CHAN, is a natural person and a resident of the State of Texas. Third Party Defendant, ERIC K. CHAN, resides in Houston, Harris County, Texas and has previously appeared in this case.

17.     Third Party Defendant, DYNACQ HEALTHCARE, INC. ("DYNACQ") is a foreign corporation organized under the laws of the State of Nevada that is authorized to do business in the State of Texas and is doing business in the State of Texas with its principal place of business at 4301 Vista Road, Pasadena, Texas 77504.   DYNACQ HEALTHCARE, INC. has previously appeared in this case.

## B.  THE ORIGINAL LAWSUIT, COUNTER-CLAIM, AND THIRD PARTY PETITION

18.     On May 23, 2013, Plaintiff, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, sued Defendant, PING SUN CHU, M.D., for conversion.  Defendant, PING SUN CHU, M.D., filed:  a) an answer asserting a general denial and the affirmative defenses of Statute of Limitations, laches, and fraud; b) a counter-claim against ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, breach of contract, and conspiracy; and c) a third party petition against ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ, for breach of fiduciary duty, shareholder oppression/oppressive conduct, constructive trust, and conspiracy.

## C.  VENUE

19.     Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

20.     Venue is proper in Harris County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(2) because Third Party Defendants, ERIC K. CHAN, a natural person, and ELLA

Certified Document Number: 64151855 - Page 4 of 23

4

Y.T.C. CHAN, a natural person, were residents of Harris County, Texas at the time this cause of action accrued.

21.     Venue is proper in Harris County, Texas pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3) because Third Party Defendant, DYNACQ'S principal office is located at 4301 Vista Road, Pasadena, Texas 77504.

22.     All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

## D.  JURISDICTION

23.     The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this court's minimal jurisdictional limits.

24.     The Court has jurisdiction over Third Party Defendant, DYNACQ, because Third Party Defendant, DYNACQ, purposely availed itself of the privilege and benefits of conducting business in Texas by maintaining its principal place of business at 4301 Vista Road, Pasadena, Harris County, Texas 77504, and by engaging in business in Texas and committing torts, which are the subject of this suit, in whole or in part in Texas.

25.     All facts pleaded in paragraphs E. and F. below are incorporated herein by reference.

26.     The Court has jurisdiction over Third Party Defendant, ERIC K. CHAN, because he is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 3836 Oberlin St., Houston, Texas 77005, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

27.     The Court has jurisdiction over Third Party Defendant, ELLA Y.T.C. CHAN, Individually, because she is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

Certified Document Number: 64151855 - Page 5 of 23

28.     The Court has jurisdiction over Plaintiff/Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of The Estate of CHIU MOON CHAN, Deceased, because she is a resident of Harris County, Texas, regularly conducts business in Harris County, Texas, maintains a residence at 323 Wood Loop Street, Houston, Texas 77015, and maintains a place of business in Harris County, Texas at 4301 Vista Road, Pasadena, Texas 77504.

## E.  FACTS

29.     Third Party Defendant, DYNACQ, was a small, publicly traded company.  For many years, CHIU MOON CHAN, Deceased, was the Chief Executive Officer, Director and majority shareholder of Third Party Defendant, DYNACQ, and conducted his business and maintained his principal place of business and his residence in Harris County, Texas. DYNACQ once operated small specialty hospitals in Pasadena, Texas, Garland, Texas, and Baton Rouge, Louisiana. The Baton Rough Facility closed, and the Garland Facility were sold as discussed below. DYNACQ continues to operate the Pasadena, Texas facility to this day.

30.     For many years, CHIU MOON CHAN, Deceased, and his wife, ELLA Y.T.C. CHAN, Third Party Defendant, were majority shareholders of DYNACQ, and they conducted their business and maintained their principal place of business and their residence in Harris County, Texas. ELLA Y.T.C. CHAN, according to DYNACQ'S own corporate filings, directly held 1,610,205 shares of stock in her individual capacity prior to the death of CHIU MOON CHAN.

31.     CHIU MOON CHAN took ill, becoming incapacitated in January, 2012. After several months of incapacitation, CHIU MOON CHAN died in May, 2012.

32.     After CHIU MOON CHAN became incapacitated, it was discovered and disclosed that numerous unlawful transactions took place, at CHIU MOON CHAN'S direction, involving various third parties operating inside and outside of the United States, though primarily abroad and in Hong Kong, China. Once discovered, the Board of Directors of DYNACQ authorized and

commissioned a third-party law firm, Vinson & Elkins, to conduct an "internal investigation". This internal investigation cost DYNACQ and its shareholders approximately $2,000,000.00.

33.     Once the internal investigation was concluded, DYNACQ confessed to the public, through its corporate SEC filings, that at least $7.8 Million has been spent by DYNACQ on items for which the company got no benefit. It was also confessed that DYNACQ'S Chief Financial Officer ("CFO") at the time, Mr. Philip Chan[2], deliberately delivered false information to DYNACQ'S auditors. This money was spent by DYNACQs former Chief Executive Officer, CHIU MOON CHAN, Deceased, by overriding internal controls so that this money could be spent at the whim and for the personal benefit of the CHAN family to the exclusion of other oppressed minority shareholders. Upon information and belief, these expenditures were done with the knowledge and cooperation of DYNACQ'S then-CFO and Director Mr. Philip Chan.

34.     Based on the testimony of DYNACQ'S current CFO, Hemant Khemka, these wrongful expenditures began in approximately 2002. Mr. Khemka also admitted that the SEC filings, during the time these expenditures were made, contained untrue statements. To put this into context, according to DYNACQ'S corporate filings for the years ended August 31, 2011, and August 31, 2012, DYNACQ lost approximately $21 Million and $12 Million, respectively.

35.      DYNACQ'S total equity has dwindled from approximately $67 Million in August 31, 2008, down to approximately $30.7 Million in August 31, 2012. In addition to this, DYNACQ'S share price, which once traded at approximately $27.00 per share, has dwindled and routinely trades for pennies per share.  DYNACQ has been kicked off the NASDAQ and its now devalued stock trades for pennies per share in "over the counter" grey markets.

36.     After CHIU MOON CHAN'S incapacitation, his son, ERIC K. CHAN, succeeded him as Director, President and Chief Executive Officer ("CEO") of DYNACQ. Upon his

---

[2] Philip Chan is of no familial relation to Chiu Moon Chan, Eric K. Chan, or Ella Y.T.C. Chan.

Certified Document Number: 64151855 - Page 7 of 23

appointment, and after the discovery of his father's misdeeds, ERIC K. CHAN and ELLA Y.T.C. CHAN conspired to continue looting DYNACQ at the expense of the minority shareholders. The method by which they have successfully continued to misappropriate corporate funds is complicated, and involves a multitude of avenues designed to achieve control of DYNACQ and its substantial assets, to the detriment of its minority shareholders.

37.    ERIC K. CHAN in agreement with and at the instruction of his mother, ELLA Y.T.C. CHAN formed a super-majority of voting shares in DYNACQ with Philip Chan, and others. Philip Chan, upon information and belief, has aligned with the CHAN family in exchange for DYNACQ'S "indemnification" for his prior unlawful conduct and to illicit his help to conceal the unlawful expenditures from 2002 onward. This indemnification is believed to have been conveyed through a sham settlement of litigation under Cause No. 2013-28331, *Dynacq Healthcare, Inc. v. Philip Chan*, then-pending before the 270th Judicial District Court of Harris County, Texas.  The lawsuit was filed solely for the purpose of creating a sham settlement shrouded in several layers of "legal confidentiality".  It has also been discovered that, despite Philip Chan's bad acts, DYNACQ through the instruction of Eric K. Chan and Ella Y.T.C. Chan, paid Philip Chan substantial funds in connection with this sham settlement. Payment of money to Philip Chan under this settlement agreement has been confirmed by the sworn testimony of Mr. Hemant Khemka.

38.    With the formation of the 68% super-majority of voting shares, and therefore complete control over DYNACQ without concern for the minority shareholders, the CHAN family has disbanded and ousted the Board of Directors of DYNACQ, fired DYNACQ'S independent auditors, controlled corporate voting, and transitioned DYNACQ to "go dark" in a further effort to avoid ongoing disclosure and reporting requirements.   According to the sworn testimony of Mr. Hemant Khemka, Dynacq does not have a document recognizing the existence of this supermajority.  That is Dynacq does not know if the supermajority has a written agreement.

Certified Document Number: 64151855 - Page 8 of 23

39.     As of the date of this filing, ELLA Y.T.C. CHAN and ERIC K. CHAN installed ERIC K. CHAN as a one-man Board and a one-man Audit Committee to do all of his activities at the direction of his mother, ELLA Y.T.C. CHAN, acting in her individual capacity and in her capacity as Executrix of the Estate of CHIU MOON CHAN, Deceased, under the authority of the supermajority which she controls.

40.     The CHAN family continues to oppress the minority shareholders by a malicious oppression of dividends to the minority with continued excessive payments to the majority.  There is a concerted attempt on behalf of the CHAN family to destroy and deprive Intervenors of the fair market value of their shares and to suppress fair dividends to the minority until the entire wealth of DYNACQ has been looted by the CHAN family. The CHAN family has been able to do this with little public backlash because they have kept their minority shareholders in the dark.

41.     DYNACQ has only one class of shares and oppressed minority shareholders, Intervenors, are just as much entitled to dividends as the majority shareholders.  In addition to the $7.8 Million the CHANs admit was sucked out as dividends for their sole benefit to the exclusion of the oppressed minority shareholders, as the majority shareholder, ELLA Y.T.C. CHAN, Individually and as Executrix and ERIC K. CHAN, Individually and in his capacity as President and Chief Executive Officer of DYNACQ, misappropriated approximately $3.15 Million during the disastrous fiscal years ending August 31, 2011, and August 31, 2012, as follows:

- $1.3 Million in excessive "executive compensation";

- Other immediate family members of the CHANs received compensation of approximately an additional $750,000.00 from DYNACQ, during that time period (although they apparently did no worthwhile work); and

- DYNACQ paid other companies owned by the CHAN family over $1.1 Million on "contracts".

Certified Document Number: 64151855 - Page 9 of 23

42.     Additionally, DYNACQ'S Garland, Texas facility is no longer operating and the property has been sold at a steep discount to have more cash to pay to the CHAN family from the DYNACQ coffers.

43.     After the death of his father, ERIC K. CHAN in agreement with and at the instruction of his mother, ELLA Y.T.C. CHAN attempted to obtain a $1 Million payment from DYNACQ, for his mother ELLA Y.T.C. CHAN, to the exclusion of the minority shareholders, including Intervenors. When their efforts failed, ERIC K. CHAN and ELLA Y.T.C. CHAN hatched a plan to fire the independent members of the Board so they could continue looting Third Party Defendant, DYNACQ HEALTHCARE, INC.

44.     Eric G. Carter, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan and Nora Bumpus are minority shareholders in DYNACQ, having invested heavily in the corporation over many years.

45.     Outside of the stock purchases, Eric G. Carter trusted CHIU MOON CHAN, ERIC K. CHAN, Philip Chan and DYANCQ. Over the years, Eric G. Carter had worked as outside legal counsel for each of these parties in one instance or another. Eric G. Carter was shocked with the discovery of CHIU MOON CHAN'S, Philip Chan's and DYNACQ'S misdeeds. After this discovery came to light, Eric G. Carter was terminated as outside legal counsel for Dynacq (and its associated companies).

46.     In June 2012, After years of concealment, Philip Chan confessed to Eric G. Carter that among other things,  Chiu Moon Chan made wrongful expenditures in Hong Kong, including but not limited to: 1) The rental of an apartment in Hong Kong for $17,000.00 per month for over four years; 2) The disappearance of approximately $250,000.00 allegedly used for the summer rental of a yacht for the entertaining of "potential investors" in Hong Kong; 3) bribing of Chinese bank officials; 4) and paying individuals in Hong Kong to artificially inflate/deflate DYNACQ'S stock

Certified Document Number: 64151855 - Page 10 of 23

price, the stock purchases being made with DYNACQ'S own money. Additionally, upon information and belief, Eric G. Carter's wrongful termination was done in retaliation for his refusal to participate in the intricate plot to conceal the subject of Philip Chan's confessions.

47.     Prior to his death and these discoveries, CHIU MOON CHAN and other representatives of DYNACQ continually made repeated false representations not only to their independent auditors but also to ERIC G. CARTER that DYNACQ, through the actions of their officers, agents and employees, was operating within legal bounds, not violating the laws of any jurisdiction, and otherwise making legitimate efforts to maintain and later to rebuild the hospital business that once thrived. This turned out to be false, misleading, and/or otherwise untrue, as it was later learned that CHIU MOON CHAN, with the assistance of at least one other officer or employee of DYNACQ (and/or Dynacq related companies) was, over a period of several years, unlawfully spending monies which were not for the benefit of DYNACQ or its shareholders. Upon information and belief, this $7.8 million dollar expenditure was actually a diversion of DYNACQ funds and a dividend payment made for the benefit of CHIU MOON CHAN'S family, directly.

48.     The estate of Chiu Moon Chan is primarily composed of DYNACQ stock, and represents the inheritance of ERIC K. CHAN and ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of Chiu Moon Chan. The Chan family's decision to make DYNACQ "go dark" is to avoid any repayment of the $7.8 million to DYNACQ and its shareholders from the estate of Chiu Moon Chan. The Chan family has not allowed a shareholder meeting in approximately two years, and no meeting is scheduled to happen in the future. DYNACQ has not filed its required SEC 10K financial reports for the year 2013-2014. This is a deliberate attempt to withhold information from the minority shareholders.

49.     Based on Mr. Chiu Chan's false representations, which were all made in the presence of Philip Chan, and relying on them to his detriment, ERIC G. CARTER continued to invest his

Certified Document Number: 64151855 - Page 11 of 23

money into the DYNACQ HEALTHCARE, INC. business through the purchase of shares of stock both Individually and as Trustee for the Eric G. Carter Pension and Profit Sharing Plan.   Eric G. Carter never knew that Mr. Chiu Chan and his fellow conspirators were diverting and stealing money and not recognizing them as stock dividends and payments from the DYNACQ. A substantial portion of Eric G. Carter's investment in DYNACQ shares were made by a direct purchase of shares from DYNACQ itself, following a detailed discussion between Eric G. Carter and CHIU MOON CHAN, in the presence of Philip Chan, which included the false representations made by CHIU MOON CHAN. In 2006, CARTER wrote two checks totaling $308,000.00 and received 200,000 shares of stock in the company. Prior to the discovery of the truth, CARTER made another large purchase of approximately 50,000 shares of stock in the spring of 2012, based on the representations of Eric K. Chan and Philip Chan that the company was operating within legal bounds, and would continue to do so.

50.     The stock purchases began in 1999 and purchases were made as late as July 2012, approximately one week before CARTER learned and discovered parts of the complex series of transactions that concealed the Chan thefts and diversion of corporate funds.

51.     In addition to the verbal representations made by CHIU MOON CHAN in the presence of Philip Chan as well as the verbal representations of Eric K. Chan, also made in the presence of Philip Chan, ERIC G. CARTER has been deceived by the statements made in DYNACQ'S corporate filings, which were sworn to by CHIU MOON CHAN and/or Philip Chan, then subsequently by Eric K. Chan, over the years in question. Similarly, NORA BUMPUS is also a minority shareholder, and has been oppressed by the actions of the majority shareholders as outlined above. She has also suffered in excess of the minimum jurisdictional limits of this Honorable Court. NORA BUMPUS has been deceived by the statements made in DYNACQ'S corporate filings, which were sworn to by CHIU MOON CHAN and/or Philip Chan over the years in question.

Certified Document Number: 64151855 - Page 12 of 23

Based on the admissions of Hemant Khemka, current CFO for DYNACQ, these filings contained untrue statements.

## F. CAUSES OF ACTION

### Count 1: Shareholder Oppression:

52.    All facts pleaded in Section E. above are incorporated herein by reference.

53.    Intervenors bring an action for Shareholder Oppression under the laws of the State of Nevada. Statutes and legal precedent from the state of Nevada support a cause of action for minority shareholders of a corporation that were oppressed by the actions of the majority shareholders. The Nevada Supreme Court has allowed relief in the instance of a defendant's actions being "intentional, malicious, and oppressive." The Court further directed that, before ordering a corporate buyout as an equitable remedy, fraud or gross mismanagement must be found.

54.    Eric K. Chan and Ella Y.T.C. Chan, Individually and as Executrix of the Estate of Chiu Moon Chan have looted and continue to loot DYNACQ through their illegal conduct and caused shareholder oppression. DYNACQ and its corporate structure is nothing but a tool in the continued oppressive conduct and minority shareholder oppression engaged in by the CHAN family.  The oppressive majority shareholders' conduct of and by the CHAN family substantially defeats the oppressed minority shareholders' expectations that when objectively viewed, were both reasonable under the circumstances and central to the oppressed minority shareholders, including Intervenors. The oppressed minority shareholders, including Intervenors, reasonably believed that they would receive dividends proportionate to the amount paid to the majority shareholders. Instead, the majority shareholders have looted and continue to loot DYNACQ of its net worth to the exclusion of the minority shareholders Intervenors through excessive salaries, unequal dividend payments, and improper accounting regarding the misappropriated $7.8 million referenced above.

55.     The majority shareholders, ELLA Y.T.C. CHAN, Individually and as Executrix and ERIC K. CHAN as sole Director, in concert dominate control over the business DYNACQ, such that they have created an informal fiduciary duty in themselves to the minority shareholders who they are oppressing, including Intervenors. The CHANs have complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., to the extent that prior to the death of CHIU MOON CHAN, the majority shareholder, CHIU MOON CHAN as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., overrode the internal controls of Third Party Defendant, DYNACQ HEALTHCARE, INC., and conspired with his CFO, Philip Chan to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., by paying dividends to himself and oppressed the minority shareholders by paying them no dividends. Thus, CHIU MOON CHAN exercised complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., by bypassing Third Party Defendant, DYNACQ HEALTHCARE, INC.'s internal controls and acting on his whim without the knowledge of the Board of Directors. Such constitutes gross mismanagement.

56.     ERIC K. CHAN and ELLA Y.T.C. CHAN, Individually and as Executrix, have continued to dominate and control DYNACQ in an oppressive manner to the exclusion of the minority shareholders by terminating the Board of Directors and operating DYNACQ by forming a super-majority of voting shares to appoint ERIC K. CHAN, as a one-man Board and one-man Auditing Committee. They have conspired with Phillip Chan to seize absolute control of Dynacq by agreeing to form a super majority of stock holders and thereby eliminate any other shareholder involvement. Although Phillip Chan was a co-conspirator of Chiu Moon Chan he has been effectively and knowingly released from any obligations to Dynacq through a sham lawsuit styled, Cause No. 2013-28331, *Dynacq Healthcare, Inc. vs. Phillip Chan*; In the 270th Judicial District, Harris County, Texas. Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU

Certified Document Number: 64151855 - Page 14 of 23

MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually, and ERIC K. CHAN have conspired to deny Dynacq Healthcare, Inc. and its shareholders any recovery from both the Estate of Chiu Moon Chan and Philip Chan in violation of the Texas Fraudulent Transfer Act.

57.     Ella Y.T.C. Chan, Individually and as Executrix and Eric K. Chan have engaged in gross mismanagement, collusion, misfeasance malfeasance or nonfeasance with regard to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs to the prejudice of the oppressed minority shareholders sufficient enough to operate as oppressive conduct. Dynacq is unable to conserve its assets by reason of such acts, neglect or refusal to function. The assets of Dynacq are in danger of waste, sacrifice or loss through foreclosure, litigation or otherwise.

58.     Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC. breached their fiduciary duty to Intervenors by denying Intervenors' fair share of dividends and by running their stock price into the ground, further denying them the fair value of their stock.

59.     The oppressive conduct of the majority shareholders, Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, and the shareholder oppression of the minority shareholders (Intervenors), is burdensome, harsh and/or wrongful conduct with a lack of probity and fair dealing in Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs.  This conduct prejudices the oppressed minority shareholder members and/or such conduct is a visible departure from the standards of fair dealings and a violation of fair play on which each minority shareholder is entitled to rely.

Certified Document Number: 64151855 - Page 15 of 23

60.     As a remedy for their misconduct, the misfeasance, malfeasance and nonfeasance of the Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, the oppressed minority and Intervenors, are entitled to dividends , an order requiring future even dividends and/or future fair dividends, and an order requiring the ELLA Y.T.C. CHAN, ERIC K. CHAN and DYNACQ HEALTHCARE, INC., to buy-out Intervenors' shares at a fair price. The Defendants' actions amount to fraud and gross mismanagement, and justify extreme remedies under the law. Additionally, Intervenors' injuries resulted from ELLA Y.T.C. CHAN's, Individually and as Executrix, ERIC K. CHAN'S, and DYNACQ'S intentional acts, which entitled Intervenors to exemplary damages.

**Count 2: Breach of Fiduciary Duty:**

61.     All facts pleaded in Section E. above are incorporated herein by reference.

62.     Intervenors bring an action for Breach of Fiduciary Duty under the laws of the State of Nevada. Statutes and legal precedent from the state of Nevada support a cause of action for minority shareholders of a corporation that were oppressed by the actions of directors and the majority shareholders. Being a fiduciary with the corporation and its shareholders imparts duties and obligations of care and loyalty. The shareholder's best interests must be sought over anyone else's interests.

63.     Eric K. Chan and Ella Y.T.C. Chan have looted and continue to loot DYNACQ through their oppressive conduct and shareholder oppression. DYNACQ and its corporate structure is nothing but a tool in the continued oppressive conduct and minority shareholder oppression engaged in by the CHAN family.  The oppressive majority shareholders' conduct by the CHAN family substantially defeats the oppressed minority shareholders' interests and expectations that when objectively viewed, were both reasonable under the circumstances and central to the

Certified Document Number: 64151855 - Page 16 of 23

oppressed minority shareholders, including Intervenors. The oppressed minority shareholders, including Intervenors, reasonably believed that they would receive dividends proportionate to the amount paid to the majority shareholders. Instead, the majority shareholders have looted and continue to loot DYNACQ of its net worth to the exclusion of the minority shareholders Intervenors through excessive salaries, unequal dividend payments, and improper accounting regarding the misappropriated $7.8 million referenced above.

64.     The majority shareholders, ELLA Y.T.C. CHAN, Individually and as Executrix and ERIC K. CHAN, dominate control over the business DYNACQ, such that they have created an informal fiduciary duty in themselves to the minority shareholders who they are oppressing, including Intervenors. The CHANs have complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., to the extent that prior to the death of CHIU MOON CHAN, the majority shareholder, CHIU MOON CHAN as President and Chief Executive Officer of Third Party Defendant, DYNACQ HEALTHCARE, INC., overrode the internal controls of Third Party Defendant, DYNACQ HEALTHCARE, INC., and conspired with his CFO, Philip Chan to loot Third Party Defendant, DYNACQ HEALTHCARE, INC., by paying dividends to himself and oppressed the minority shareholders by paying them no dividends. Thus, CHIU MOON CHAN exercised complete dominion and control over Third Party Defendant, DYNACQ HEALTHCARE, INC., by bypassing Third Party Defendant, DYNACQ HEALTHCARE, INC.'s internal controls and acting on his whim without the knowledge of the Board of Directors.

65.     ERIC K. CHAN and ELLA Y.T.C. CHAN, Individually and as Executrix, have continued to dominate and control DYNACQ in an oppressive manner to the exclusion of the minority shareholders by terminating the Board of Directors and operating DYNACQ by forming a super-majority of voting shares to appointing ERIC K. CHAN, as a one-man Board and one-man

Auditing Committee. They have conspired with Phillip Chan to seize absolute control of Dynacq by agreeing to form a super majority of stock holders and thereby eliminate any other shareholder involvement. Although Phillip Chan was a co-conspirator of Chiu Moon Chan he has been effectively and knowingly released from any obligations to Dynacq through a sham lawsuit styled, Cause No. 2013-28331, *Dynacq Healthcare, Inc. vs. Phillip Chan*; In the 270th Judicial District, Harris County, Texas. Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually, and ERIC K. CHAN have conspired to deny Dynacq Healthcare, Inc. and its shareholders any recovery from both the Estate of Chiu Moon Chan and Philip Chan in violation of the Texas Fraudulent Transfer Act.

66.     Ella Y.T.C. Chan and Eric K. Chan have engaged in wrongful conduct and a lack of fair dealing with regard to Third Party Defendant, DYNACQ HEALTHCARE, INC.'s affairs to the prejudice of the oppressed minority shareholders sufficient enough to operate as a breach of fiduciary duty by way of oppressive conduct.

67.     Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased and Third Party Defendants, ELLA Y.T.C CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC. breached their fiduciary duty to Intervenors by denying Intervenors' fair share of dividends and by running their stock price into the ground, further denying them the fair value of their stock.

68.     The oppressive conduct of the majority shareholders, Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, and the shareholder oppression of the minority shareholders (Intervenors), is burdensome, harsh and/or wrongful conduct with a lack of probity and fair dealing in Third Party Defendant, DYNACQ

Certified Document Number: 64151855 - Page 18 of 23

HEALTHCARE, INC.'s affairs.   This conduct prejudices the oppressed minority shareholder members and/or such conduct is a visible departure from the standards of fair dealings and a violation of fair play on which each minority shareholder is entitled to rely.

69.     As a remedy for their misconduct, the misfeasance, malfeasance and nonfeasance of the Third Party Defendant and Counter-Defendant, ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendant, ERIC K. CHAN, the oppressed minority and Intervenors, are entitled to dividends to even up the situation, an order requiring future even dividends and/or future fair dividends, and an order requiring the ELLA Y.T.C. CHAN, ERIC K. CHAN and DYNACQ HEALTHCARE, INC., to buy-out Intervenors' shares at a fair price. The Defendants' actions amount to fraud and gross mismanagement, and justify extreme remedies under the law. Additionally, Intervenors' injuries resulted from ELLA Y.T.C. CHAN's, Individually and as Executrix, ERIC K. CHAN'S, and DYNACQ'S intentional acts, which entitled Intervenors to exemplary damages.

**Count 3: Statutory violations of Fraud/Fraudulent Inducement/Fraudulent Inducement of Investment/Fraud by Nondisclosure:**

70.     All facts pleaded in Section E. above are incorporated herein by reference.

71.     The acts, omissions, material false statements, material omissions, and/or nondisclosures described in Paragraphs 46-51 give rise to a cause of action for Eric G Carter, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan against the Defendants, Ella Y.T.C. Chan, Individually and in her capacity as Executrix of the Estate of Chiu Moon Chan, Eric K. Chan, and Dynacq Healthcare, Inc. under Tex. Bus. & Comm. Code § 27.01. This statute applies as CARTER made purchases of DYNACQ stock in reliance of these fraudulent acts, omissions, material false statements, material omissions, and/or nondisclosures.

72.     The acts, omissions, material false statements, material omissions, and/or nondisclosures described in Paragraphs 46-51 give rise to a cause of action for Intervenors against

the Defendants, Ella Y.T.C. Chan, Individually and in her capacity as Executrix of the Estate of Chiu Moon Chan, Eric K. Chan, and Dynacq Healthcare, Inc. under SEC Regulations, specifically 17 C.F.R. 240.10b-5, pursuant to the authority of Section 10(b) of the Securities and Exchange Act of 1934. This statute applies as Intervenors made purchases of DYNACQ stock in reliance of these fraudulent acts, omissions, material false statements, material omissions, and/or nondisclosures.

**Count 4: Conspiracy**

73.     All facts pleaded in Section E. above are incorporated herein by reference.

74.     The acts and omissions described in Section E. above give rise to a cause of action for Intervenors against the Defendants, Ella Y.T.C. Chan Individually and as Executrix of the Estate of Chiu Moon Chan, Eric K. Chan, and Dynacq Healthcare, Inc. related to their respective conspiracies to do the following specific acts:

a.      All Defendants committed a conspiracy under Texas and Nevada law to commit shareholder oppression against Intervenors;

b.      Defendants Ella Y.T.C. Chan, Individually and as Executrix of the Estate of Chiu Moon Chan, and Eric K. Chan conspired under Texas and Nevada law to breach their fiduciary duties to the minority shareholders, Eric G. Carter and Nora Bumpus; and

c.      All Defendants conspired against Intervenors to commit fraud in violation of Texas. Bus. & Comm. Code § 27.01.

**Counts 1-4 and Agency Principles:**

75.     The Counter-Defendant, ELLA Y.T.C. CHAN, Executrix of the Estate of CHIU MOON CHAN, Deceased, and Third Party Defendants, ELLA Y.T.C. CHAN, Individually, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., all did the acts complained of in this lawsuit on their own account and/or in the alternative as agents of each other. See, Section 20(a) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78t(a).

Certified Document Number: 64151855 - Page 20 of 23

## G. Damages

76.     Intervenors are directly entitled to their damages as prayed for in their Prayer, all of which are part and/or parcel to the recovery and causes of action against Defendants.

## H. Attorneys' Fees

77.     The filing of this petition in intervention and the conduct of Defendants has necessitated that Intervenors hire the undersigned attorneys.  The attorneys' fees for these attorneys are pleaded for and recoverable both according to statute and as a damage caused by Defendants as allowed by law.

## I. Request for Disclosure

78.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Counter-Defendants/Third-Party Defendants are requested to disclose, within thirty (30) days of this request, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f), (g), (h), (i), and (l).

## J. Conditions Precedent

79.     All conditions precedent to Intervenors' claims for relief have been performed or have occurred.

## K. Jury Demand

80.     Intervenors hereby respectfully demand a jury trial.

## L.  Prayer

WHEREFORE, PREMISES CONSIDERED, Intervenors, Eric G. Carter, Individually and as Trustee of the Eric G. Carter Pension and Profit Sharing Plan and Nora Bumpus pray that the Defendants, be cited to appear and answer, and that on final trial, Intervenors have the following:

a.      Judgment against ELLA Y.T.C. CHAN, Individually and as Executrix of the Estate of CHIU MOON CHAN, Deceased, ERIC K. CHAN, and DYNACQ HEALTHCARE, INC., for all allowable damages in an amount within the jurisdictional limits of this Court;

Certified Document Number: 64151855 - Page 21 of 23

b.      Fair proportionate dividends to even up the situation;

c.      Fair proportionate dividends in the future;

d.      An appraisal and buyout of shares;

e.      Alternatively, the value of the stock at the time of the purchase;

f.      Alternatively, lost profits relating to possible sales of stock;

g.      Prejudgment interest as provided by law;

h.      Postjudgment interest as provided by law;

i.      Costs of court, expert witness fees, and costs for copies of depositions;

j.      Punitive damages within the discretion of the trier of fact for Defendants' intentional acts, pursuant to TEX. CIV. PRAC. & REM. CODE § 41.003(a) and Texas. Bus. & Comm. Code § 27.01; and,

k.      Such other and further relief, both general and special, to which Intervenors may be justly entitled.

Respectfully submitted,

THE CARTER LAW FIRM

BY:____/s/ Eric William Carter_____
        ERIC G. CARTER
        SBN: 03914500
        Email: ecarter@carter-lawfirm.com
        ERIC WILLIAM CARTER
        SBN: 24057797
        Email: ewcarter@carter-lawfirm.com
        1811 Southmore Blvd.
        Houston, Texas 77004
        Tel: (713) 227-0042
        Fax: (713) 227-7001

        -AND-

        RONALD C. CAMPANA
        SBN:  03692600
        Email: roncampana@gmail.com
        6363 Woodway, Suite 725
        Houston, Texas 77057-1714

Certified Document Number: 64151855 - Page 22 of 23

Tel: (713) 783-4120
Fax: (713) 783-8812
**ATTORNEY FOR INTERVENORS:**
**ERIC G. CARTER, INDIVIDUALLY AND AS**
**TRUSTEE OF THE ERIC G. CARTER**
**PENSION AND PROFIT SHARING PLAN,**
**AND NORA BUMPUS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of *Third Amended Petition in Intervention of Eric G. Carter and Nora Bumpus* has been served on all counsel of record, by hand delivery, facsimile transmittal, U.S. First Class Mail and/or certified mail, return receipt requested, email or electronic service on this the 6th day of February, 2015.

　　/s/ Eric William Carter　　
**Eric William Carter**

*Attorneys for Ella Y.T.C. Chan, Eric K. Chan, and Dynacq Healthcare, Inc.:*
Michael J. Stanley
W. Shawn Staples
Leslie Searle
Brian Tagtmeier
Stanley, Frank & Rose, LLP
7026 Old Katy Road, Suite 259
Houston, Texas 77024
Tel: (713) 980-4381
Fax: (713) 980-1179
*Via Fax & Via Electronic Service*

Certified Document Number: 6415185 - Page 23 of 23



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 11, 2015

Certified Document Number:        64151855 Total Pages:  23

Chris Daniel, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**